No. 255.—T. C. KIRK v. W. M. FOLSOM et al.

If goods which have been shipped in good order have been lost on the voyage it devolves on the carrier to show that the loss was occasioned by accidental and uncontrolable events, which, if established, the burden is then shifted on the shipper, before he can hold the carrier liable, of showing that the accident to the boat by which the goods were lost occurred through the fault of the carrier.

APPEAL from the Tenth Judicial District Court, parish of Caddo. *Levisee*, J. *Land & Taylor*, for plaintiff and appellee. *Nutt & Leonard*, for defendants and appellants.

LUDELING, C. J.   The plaintiff alleges that he shipped on the Mary Ellen, owned by defendants, certain goods which have not been delivered to him, and that the defendants owe him the value of said goods.   The defendants allege that they were prevented from delivering the goods by an accident, caused by no neglect or fault on their part.

The goods having been shipped in good order and lost, it devolved on the defendants to prove that the loss was occasioned by "accidental and uncontrollable events." C. C. 2754. This, we think, they have done in this case. They proved that the boat was seaworthy, and that she sunk through no fault of the defendants; and several experienced steamboatmen testified that "it frequently happens that a steamboat will receive a jar, or strike something, not known at the time, and in consequence of which she will spring a butt and cause a leak, which will sink the boat while running, or even while at the landing, without there being any neglect or carelessness on the part of the officers of the boat." The evidence satisfies us that the sinking of the Mary Ellen was "occasioned by accidental and uncontrollable events." The accidental sinking of a boat is one of the perils of navigation excepted in the bill of lading; but if the sinking might have been avoided by skill and diligence, the carrier is liable. The burden of proof to establish want of skill or diligence in the officers of the boat, is on the plaintiff, who asserts it. 10 An. 413, Price, Frost & Co. v. Ship Uriel, Master and Owners; 12 How. 270, Clark et al. v. Barnwell et al. ·

The plaintiff has failed to prove any want of skill or fault on the part of defendants.

It is therefore ordered, and adjudged that the judgment of the court a qua be avoided and reversed, and that there be judgment in favor of defendants, rejecting plaintiff's demand, with costs in both courts.

Rehearing refused.