EDWARD D. DAVIS v. TRIBUNE JOB-PRINTING COMPANY.[1]

November 10, 1897.

Nos. 10,932—(96).

**Conversion by Bailee—Evidence—Burden of Proof.**

When the bailor proves in an action for conversion that the bailee failed or refused, on demand, to deliver the goods, the burden is thrown on the bailee to prove, not only the loss of the goods, but also that he exercised such care in keeping them as the nature of the bailment required him to exercise.

**Same.**

*Held*, in this case, the bailee did not maintain the burden thus cast upon it.

**Same—Evidence not Returned—Review.**

All the evidence as to the amount of plaintiff's damages not being returned, the question whether or not the verdict is excessive cannot be passed upon.

Appeal by defendant from an order of the district court for Hennepin county, Russell, J., denying a motion for a new trial after verdict for plaintiff for $543.75. Affirmed.

*F. B. Hart*, for appellant.

If the plates were left at the defendant's place, as testified to by the plaintiff, the defendant became a naked bailee without reward, and was liable only for gross negligence. Whitney v. First National, 55 Vt. 154; Jones, Bailm. 46, note 18, 122, note 18; Coggs v. Bernard, 2 Ld. Raym. 915; 2 Kent, Com. 562; Foster v. Essex, 17 Mass. 479; National v. Graham, 100 U. S. 699; Bronnenburg v. Charman, 80 Ind. 475; Davis v. Gay, 141 Mass. 531; Rea v. Simmons, 141 Mass. 561. Evidence of the fact that the goods were not on hand in a suitable condition or not on hand at all when plaintiff called upon defendant for them, was not sufficient to establish defendant's negligence and default. Story, Bailm. §§ 278, 410; Finucane v. Small, 1 Esp. 315; Gilbart v. Dale, 5 A. & E. 543; Midland v. Bromley, 17 C. B. 372; Butt v. Great Western, 11 C. B.

[1] Reported in 72 N. W. 808.

140; Lamb v. Western, 7 Allen, 98; Smith v. First National, 99 Mass. 605; Runyan v. Caldwell, 7 Humph. 134; Cross v. Brown, 41 N. H. 283; Browne v. Johnson, 29 Tex. 40; Cass v. Boston, 5 Am. Law Rev. 205; Schermer v. Neurath, 54 Md. 491; Mitchell v. Western, 30 Ga. 22; McKissock v. St. Louis, 73 Mo. 456; Foster v. Essex, supra; Lafarge v. Morgan, 5 Martin, 462; Coggs v. Bernard, supra; Jones, Bailm. 44; Tancil v. Seaton, 28 Gratt. 601; 2 Kent, Com. 563; Edwards, Bailm. 118; Knowles v. Atlantic, 38 Me. 58; Pitlock v. Wells, 109 Mass. 452; Tompkins v. Saltmarsh, 14 S. & R. 275; Wiser v. Chestley, 53 Mo. 547; Mason v. St. Louis, 60 Mo. App. 93. The motion of defendant at the conclusion of the testimony for an order directing a verdict in favor of the defendant should have been granted. Dinsmore v. Abbott, 89 Me. 373; Smith v. First National, supra; Smith v. Library, 58 Minn. 108.

*Shaw, Cray, Lancaster & Parker,* for respondent.

Proof of loss or injury establishes a sufficient prima facie case against the bailee to put him upon his defense. 3 Am. & Eng. Enc. (2d Ed.) 750, 752, and cases cited. Whether the appellant was bound to exercise ordinary care or simply slight care, in the keeping of the goods, the verdict is justified by the complete lack of explanation as to the loss, destruction, or disposition of the plates. Haas v. Taylor, 80 Ala. 459; Dinsmore v. Abbott, 89 Me. 373; Donlan v. Clark, 23 Nev. 203; Knights v. Piella, 111 Mich. 9; Boies v. Hartford, 37 Conn. 272; Logan v. Mathews, 6 Pa. St. 417; Funkhouser v. Wagner, 62 Ill. 59; Thompson v. St. Louis, 59 Mo. App. 37.

CANTY, J.

For many years the defendant has been running a job-printing establishment at Minneapolis. In September, 1892, plaintiff published what is called a "Grain-Table Book," consisting of 223 or 224 pages. The defendant printed and bound for him the first edition of this book, and for that purpose procured for him, and at his cost, a set of copper-faced electrotyped plates on which the edition was printed. The plates remained at the printing establishment of the defendant until March, 1893, when plaintiff ordered a second edition of the book, which defendant printed and bound for him. In October, 1895, plaintiff requested defendant to state the price for

which it would publish a third edition of the book. In the negotiations which followed, it developed that the plates could not be found. Plaintiff claimed that he permitted them to remain at the printing establishment since the second edition was printed, and defendant's officers claimed that they did not know or recollect whether he did or not. This action is brought for the conversion of the plates. Plaintiff had a verdict, and from an order denying a new trial the defendant appeals.

One of the questions raised on this appeal is whether, on the evidence, defendant was merely a gratuitous bailee, liable only for gross negligence, or whether the bailment was for the benefit of both parties, so that defendant was liable for want of ordinary care. After the first edition was printed, the plates were packed in wooden boxes made specially for the purpose. Plaintiff testified that after they were so packed he had a conversation with Mr. Mitchell, the president of the defendant corporation, as follows:

"I remember of asking Mr. Mitchell what I should do with those plates, and he said to me that he had a place for them, and that I better leave them there; and he took me into a room at that time,—took me into a room. As I remember, it was a long, narrow room, and in one end of it there was a number of boxes of plates,—I should say 20 or 30, or more, perhaps, of boxes of plates. And he said he was in the habit of keeping them there for parties who had books or other matter printed there; that he would like to keep them for me, because it gave him a first chance on other work that he might get; that, if they were at his place, he would stand the best chance of getting other work from them. And he said the only objection or the only risk that I would have to run would be in the matter of insurance. He said he didn't have any vault to put them in, but he said otherwise they were perfectly safe there."

The court charged the jury that, if they found this testimony of plaintiff to be true, it was incumbent upon the defendant to exercise ordinary care in caring for the plates. This is assigned as error.

Conceding, without deciding, that the benefit which defendant might derive from having the plates remain with it, being its "chance of getting other work from them," is too remote and unsubstantial to constitute it anything more than a gratuitous bailee, liable only for gross negligence (see Whitney v. First National, 55 Vt. 154), and that therefore this part of the charge was erroneous, still

70 M.—7

we are of the opinion that it was error without prejudice. When the bailor proved that the bailee failed or refused to return the goods on demand, this threw the burden on the bailee to prove, not only the loss of the goods, but also that it exercised such care in keeping them as the nature of the bailment required it to exercise. On this point there is much conflict in the authorities, but in our opinion this is the sounder and better rule. In our opinion, defendant did not show that it exercised such care as even a gratuitous bailee should exercise, and therefore did not maintain such burden of proof.

One of plaintiff's witnesses testified that after the second edition was printed he saw the plates lying on a window in the printing establishment. It does not appear what became of the plates afterwards. Defendant's witnesses simply testify that they have no knowledge whatever as to what became of the plates. They cannot tell how or when the plates disappeared from the window sill, or whether the plates remained in the printing establishment a day, a week, a year, or two years, after the second edition was printed. They can give absolutely no clue or conjecture whatever as to how, when, or by what means the plates disappeared. The defendant has totally failed to account for them.

Whether the plates were to be stored in the narrow room, as testified to by plaintiff, or whether they were to be left, and always were left, on the floor or in the racks in the main room of the printing establishment, as testified to by defendant's witnesses, defendant is liable for gross negligence. The evidence shows that the loss would not ordinarily have occurred without the negligence of defendant or its servants. The printing establishment is a room 50 feet wide by 150 feet long, on the second floor of a business block, and is accessible only by a stairway and elevator. There were four boxes of these plates, each box weighing from 50 to 80 pounds.

Appellant contends that the verdict (for $543.75) is excessive, for the reason that it appeared by the undisputed evidence that plaintiff could and did procure photo-engravings or zinc etchings made from the printed pages of one of the books already printed, and could from these zinc etchings procure copper-faced, electrotyped plates at a total cost of one dollar per page, or $224 for the 224 pages in the book. True, but plaintiff claimed on the trial that the plates

thus produced were not as good, and did not print as fine and clean, as the original plates, which were made by first setting the type, and then taking therefrom the electrotype plates. To prove this, two books, one printed on the old plates and the other on the new, were introduced in evidence. These books are not made a part of the settled case, or returned as a part of the evidence, and we have no means of determining the merits of appellant's contention.

Appellant assigns as error a number of rulings on the admission and rejection of evidence on the trial. We find no error in any of these rulings, and none of them are of sufficient merit to warrant any discussion of them.

Order affirmed.