# HJALMAR J. RUSTAD v. GREAT NORTHERN RAILWAY COMPANY.[1]

July 18, 1913.

Nos. 18,112—(101).

**Carrier — termination of liability.**

1. The common-law liability of a common carrier of goods as an insurer does not terminate until delivery to the consignee, or, if there is no delivery, until notice to him of arrival and a reasonable opportunity of removal afforded him.

**Same — liability as warehouseman.**

2. At the termination of such reasonable time, the liability of the common carrier is that of a warehouseman.

**Same — question of law.**

3. The property involved was left by the plaintiff consignee with the defendant carrier for 53 hours after notice to him of its arrival at the point of destination, when it was destroyed by fire. It is *held*, under the facts of the case, as a matter of law, and independently of the provisions of the shipping bill, that at the time of the fire the liability of the carrier as an insurer had ceased and that its liability was that of a warehouseman.

**Warehouseman — negligence — burden of proof.**

4. A warehouseman is liable for negligence. When the loss is established, the burden of proof is upon him of proving that the loss did not occur through his negligence. This burden is not merely a burden of going forward with the evidence, nor a shifting burden, but a burden of establishing by a preponderance of the evidence freedom from negligence.

**Limitation of carrier's liability.**

5. The carrier's common-law liability as an insurer may be limited by

[1] Reported in 142 N. W. 727.

Note. — As to what is a reasonable time for removal of goods by consignee, after which the liability of the carrier as such terminates, see notes in 8 L.R.A. (N.S.) 240; 16 L.R.A.(N.S.) 935; and 25 L.R.A.(N.S.) 938.

On the question of the necessity of notice of arrival of goods to reduce liability of carrier to that of warehouseman, see note in 18 L.R.A.(N.S.) 427. And upon the right of a carrier to terminate its responsibility as warehouseman, see note in 9 L.R.A.(N.S.) 577.

contract. If the shipper agrees to a limitation, and there is afforded him the option of taking the common law liability, and the contract is just and reasonable, and is supported by consideration, the limitation is valid; and the limitation in the shipping bill of the carrier's liability, as an insurer, to 48 hours after notice to the consignee of the arrival of the freight, is, so far as the record in the case at bar shows, valid, as also is the provision that property not removed within 48 hours after notice of arrival may be kept in car or warehouse subject to storage charges and the carrier's responsibility as warehouseman.

**Question for jury.**

6. The evidence as to the negligence of the defendant in respect of the fire made a question for the jury, and the court erred in directing a verdict.

Action in the district court for Pennington county to recover $1,150, the value of goods delivered to defendant for shipment from Kindred, North Dakota, to Thief River Falls and destroyed in transit. The answer denied that plaintiff had suffered damage by reason of any negligence as a common carrier on defendant's part. The case was tried before Grindeland, J., who, when plaintiff rested, granted defendant's motion to direct a verdict in its favor for the value of part of the property and directed a verdict for $10.25 in favor of plaintiff. From an order denying plaintiff's motion for a new trial, he appealed. Reversed.

*G. Halvorson,* for appellant.

*J. D. Sullivan* and *M. L. Countryman,* for respondent.

DIBELL, C.

This action was brought to recover damages for certain freight destroyed by fire at Thief River Falls while in the possession of the defendant railway company. At the close of the evidence, the court directed a verdict for plaintiff for $10, the value of certain merchandise for which the plaintiff had tendered freight charges, as to the liability for the loss of which there was no dispute. The value of the other merchandise was alleged to be $1,140, and there was proof in support of it. The plaintiff appeals from the order of the court denying his motion for a new trial.

The merchandise, consisting of 57 sanitary closets, each packed in a box substantially two feet each way, was shipped from Kindred,

North Dakota, on January 15, 1912, and arrived at Thief River Falls on January 22, 1912. The plaintiff was notified of the arrival of the freight at Thief River Falls as early as five o'clock in the afternoon of January 23. It was destroyed by fire a little after ten o'clock on the night of January 25.

1. The common-law undertaking of a common carrier of goods is to carry safely and make safe delivery. Its responsibility as a carrier continues until delivery, or, if there is no actual delivery, until the consignee has had a reasonable time, after notice of the arrival of the goods, to receive and remove them. 1 Dunnell, Minn. Dig. § 1349, and cases cited; 2 Hutchinson, Carriers, § 708.

2. Upon the lapse of a reasonable time after notice of the arrival of the goods the liability of the carrier as an insurer ceases and it becomes that of a warehouseman. 1 Dunnell, Minn. Dig. § 1349, and cases cited.

3. The property involved remained with the defendant carrier, in the car in which it was shipped, 53 hours after notice to the plaintiff consignee of its arrival. The consignee left it with the carrier because he had not secured a place in which to store it. There was no other reason. He had ample time and opportunity to take it. There is nothing in the policy of the law, nor the situation of the parties, that requires the carrier, under the facts recited, to be held to the strict liability of an insurer after the lapse of so long a time. We hold, as a matter of law, independently of the provisions of the shipping bill hereafter referred to, that the liability of the defendant as a carrier ceased before the property was destroyed by fire. Pinney v. First Division, St. P. & Pac. R. Co. 19 Minn. 211 (251); Naas v. Chicago, R. I. & Pac. Ry. Co. 96 Minn. 84, 104 N. W. 717. Such a holding brings not the least injustice to the shipper and is only fair to the carrier. The case of Kirk v. Chicago, St. P. M. & O. Ry. Co. 59 Minn. 161, 60 N. W. 1084, 50 Am. St. 397, is cited. There a valuable box of merchandise was left in the car in which it was transported for more than 48 hours after its arrival. The liability of the railway was held to be that of a carrier. The shipment there was so different from the shipment here, and the facts are so variant, that we think the failure to unload into the warehouse did not, under

the authority of that case, continue the liability of the carrier as insurer. The effect of the shipping bill upon the carrier's right to leave the property in the car is hereafter mentioned.

At the time of the fire the liability of the defendant was that of a warehouseman.

4. The duty of a warehouseman is to exercise ordinary care to keep safely the goods intrusted to him. He is liable for negligence.

There is some confusion and conflict in the cases and among text writers as to the burden of proof of negligence.

When the carrier contracts against liability for an excepted risk, the burden is upon it to show by a preponderance of the evidence that the loss came from such risk and its own freedom from negligence in respect of it. This has been held many times. Boehl v. Chicago, M. & St. P. Ry. Co. 44 Minn. 191, 46 N. W. 333; Shea v. Minneapolis, St. P. & S. S. M. Ry. Co. 63 Minn. 228, 65 N. W. 458; Southard v. Minneapolis, St. P. & S. S. M. Ry. Co. 60 Minn. 382, 62 N. W. 442, 619; Hinton v. Eastern Ry. Co. 72 Minn. 339, 75 N. W. 373. When the liability of the carrier as such has ceased, and it has become that of a warehouseman, the determination of where the burden of proof rests is affected by other considerations, but a like result is reached. This court has held that the burden of proof is upon the bailee to prove that he exercised the degree of care required of him. Davis v. Tribune Job Printing Co. 70 Minn. 95, 72 N. W. 808. Considerations of fairness put upon the warehouseman the burden of proving his own freedom from negligence. The goods are intrusted to him. He has charge and control of them. He determines the manner of keeping them. He is in possession of such evidence as there is as to the circumstances attending the loss. The bailor trusts the warehouseman and has no proof. It is not unjust to the warehouseman to require him to sustain the burden of proving its freedom from negligence. Where the burden of proof should rest "is merely a question of policy and fairness based on experience in the different situations." 4 Wigmore, Evidence, § 2486. We hold that when the liability of the carrier has become that of a warehouseman and the loss of the goods shipped is established, the burden of proof is upon it to show its freedom from negligence.

This burden is not merely the burden of going forward with the evidence, nor a shifting burden, but a burden of establishing before the jury absence of negligence. So far as the case of Geo. C. Bagley Ele. Co. v. American Express Co. 63 Minn. 142, 65 N. W. 264, which involves a liability of a carrier as a warehouseman, like the case at bar, states a different rule, it is disapproved. The rule now stated is entirely fair. It is a practical working rule and the only one.

5. The common-law liability of a carrier as insurer may be limited by contract. The contract requires a consideration. Southard v. Minneapolis, St. P. & S. S. M. Ry. Co. supra; Mannheim Ins. Co. v. Erie & W. Trans. Co. 72 Minn. 357, 75 N. W. 602; Wehmann v. Minneapolis, St. P. & S. S. M. Ry. Co. 58 Minn. 22, 59 N. W. 546. It must be entered into knowingly, and the shipper must be afforded the option of having the common-law obligation. Murphy v. Wells-Fargo & Co. Exp. 99 Minn. 230, 108 N. W. 1070; O'Malley v. Great Northern Ry. Co. 86 Minn. 380, 90 N. W. 974; Porteous v. Adams Exp. Co. 112 Minn. 31, 127 N. W. 429. It must be just and fair and reasonable. McGrath v. Northern Pac. Ry. Co. 121 Minn. 258, 141 N. W. 164; Ostroot v. Northern Pac. Ry. Co. 111 Minn. 504, 127 N. W. 177.

The shipping bill provides as follows:

"For loss, damage, or delay caused by fire occurring after forty-eight hours (exclusive of legal holidays) after notice of the arrival of the property at destination * * * has been duly sent or given, the carrier's liability shall be that of warehouseman only."

There is this further provision:

"Property not removed by the party entitled to receive it within forty-eight hours (exclusive of legal holidays), after notice of its arrival has been duly sent or given, may be kept in car, depot, or place of delivery of the carrier, or warehouse, subject to a reasonable charge for storage and to carrier's responsibility as warehouseman only."

As applied to the facts of this case, and the character of the property shipped, there is nothing unfair in such a limitation. The shipper gets a somewhat greater liability of the defendant, as an

insurer, by the provisions of the shipping bill, for he has the carrier's liability for the full period of 48 hours, though the law might have terminated it before. The limitation, as it applies to this case, affects the liability of the defendant after it becomes a warehouseman. Such a limitation in the shipping bill applies to the carrier as a warehouseman. Armstrong v. Chicago, M. & St. P. Ry. Co. 53 Minn. 183, 54 N. W. 1059. Whether the limitation is viewed as applying to the liability of the defendant as a common carrier, or as a warehouseman, there is nothing in the record suggesting its invalidity.

6. The car containing the plaintiff's shipment was on the tracks of the defendant at Thief River Falls. The fire came from the interior, burst out suddenly, and the car was soon destroyed. The seals on the outside doors were intact. It does not appear when the seals were attached. The plaintiff's merchandise did not occupy the whole space of the car. Whether there was other merchandise in the car is not shown.

We are of the opinion that the evidence made a question of fact for the jury upon the issue as to the defendant's negligence and that the court erred in directing a verdict.

The shipment was an interstate one. We do not understand that the record makes such fact material to the result. The questions are determined as if the shipment were an intrastate one.

Order reversed.