# HJALMAR RUSTAD v. GREAT NORTHERN RAILWAY COMPANY.[1]

October 30, 1914.

Nos. 18,918—(151).

**Liability as warehouseman — question for jury.**
    Upon an issue as to the liability of the defendant railway company for the destruction of the property of the plaintiff by fire when in its possession as warehouseman, after reaching its shipping destination, it is *held* that it did not, as a matter of law, establish its freedom from negligence, and that the court properly submitted the case to the jury.

Action in the district court for Pennington county to recover $1,-150. The facts are stated in the opinion. The case was tried before Grindeland, J., who denied defendant's motions for dismissal of the action and for a directed verdict in its favor, and a jury which returned a verdict for $660. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*M. L. Countryman* and *A. L. Janes,* for appellant.

*G. Halvorson,* for respondent.

DIBELL, C.

This is an appeal by the defendant from a judgment in favor of the plaintiff in an action to recover damages for the loss by fire of property shipped by the plaintiff over the railroad of the defendant and in its possession at the time. The case was here before and is reported in 122 Minn. 453, 142 N. W. 727. Upon that appeal, which was by the plaintiff from an order refusing a new trial, we held that the facts made a question for the jury upon the liability of the defendant for the destruction by fire of the property of the plaintiff while in its possession as warehouseman. The trial court had held that there was no liability. A new trial was therefore granted. Upon the new trial the plaintiff had a verdict.

1 Reported in 149 N. W. 304.

The facts appearing at the former trial will be found by reference to the opinion. They are substantially the same on this trial. There may be added these: In the afternoon of the day of the fire the inspector of the defendant broke the seals of the car, made a casual examination, and closed the door. He directed the warehouseman to seal it. He did so some time before six o'clock. At that time he opened the door sufficiently to identify the car by its contents, closed it, and attached the seals. The door was not locked from the time the inspector opened it until sealed. There was no other merchandise in the car.

The merchandise was packed with sisel and burlap. The fire occurred along in the evening. It concededly originated from the inside. It smouldered there for a considerable time before breaking out.

The duty of the defendant in respect of showing its freedom from negligence was stated on the former appeal. The facts are not more favorable to the defendant than on the former trial. It cannot be said as a matter of law that the defendant sustained the burden of proof; and the trial court properly submitted the case to the jury.

Judgment affirmed.