## RUDOLPH HOEL v. FLOUR CITY FUEL AND TRANSFER COMPANY.[1]

December 12, 1919.

No. 21,515.

**Negligence of garage keeper — theft of machine — burden of proof.**

1. When an auto is stolen from a public garage, the burden is upon the garage keeper of proving that the loss did not come from his negligence, and this is not merely the burden of going forward with proofs, or a shifting burden, but the burden of proving to the jury that the loss did not come from his negligence.

**Charge to jury — evidence.**

2. The charge of the court was sufficiently favorable to the defendant, and the evidence was not such as to require a finding that there was not negligence of the defendant causing the loss.

**Refusal to receive evidence.**

3. The court did not err in refusing to receive evidence of notices posted about the garage, not shown to have come to the attention of the plaintiff, disclaiming liability in case of loss by theft.

Action in the district court for Hennepin county to recover $1,000, the value of an automobile stored with defendant. The answer alleged that defendant rented to plaintiff a certain stall in his garage; that one of the conditions was that defendant would not be liable for loss of the automobile by fire or theft. The case was tried before Molyneaux, J., who when plaintiff rested denied defendant's motion to dismiss the action and when defendant rested its motion for a directed verdict, and a jury which returned a verdict for $800. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Adolph E. L. Johnson,* for appellant.

*Van Fossen & Garrigues,* for respondent.

DIBELL, J.

Action to recover the value of the plaintiff's auto which was kept in the defendant's garage. There was a verdict for the plaintiff. The de-

[1]Reported in 175 N. W. 300.

fendant appeals from the order denying its alternative motion for judgment or a new trial.

1. The defendant operated a public garage in Minneapolis. The plaintiff kept his auto there upon an agreed monthly compensation.

On Saturday, June 30, 1917, the plaintiff called for his auto. It was not in the garage and could not be produced. He had used it last about a week before. It seems to be conceded that it was stolen.

In Rustad v. Great Northern Ry. Co. 122 Minn. 453, 142 N. W. 727, we had the question of the liability of the railway company defendant as a warehouseman for the loss of property in its possession. We held that the burden of proof was upon the defendant to show that the loss did not come from its negligence; that this burden was not merely the burden of going forward with proofs, nor a shifting burden, but a burden of establishing before the jury that its negligence did not cause the loss, and we referred with approval to Dean Wigmore's statement that the question of where the burden of proof should rest is "a question of policy and fairness based on experience in the different situations." In reaching our holding upon the burden of proof we followed the doctrine stated in Davis v. Tribune Job-Printing Co. 70 Minn. 95, 72 N. W. 808, and disapproved Bagley Ele. Co. v. American Exp. Co. 63 Minn. 142, 65 N. W. 264, insofar as it stated a different rule, and we expressed the view that the rule adopted was the practical working rule. There was a reversal in the Rustad case, and upon the retrial a charge putting the burden as stated was given and a recovery had which was sustained on appeal. Rustad v. Great Northern Ry. Co. 127 Minn. 251, 149 N. W. 304. In Travelers Indemnity Co. v. Fawkes, 120 Minn. 353, 139 N. W. 703, 45 L.R.A.(N.S.) 331, the general rule was stated that it devolved upon a bailee who had received an auto for repair and could not return it to prove that he exercised the required care.

The principle of the rule applies to the situation here. The plaintiff entrusted his auto to the defendant for storage, taking it out and using it as he chose. It was lost from the defendant's possession. The plaintiff knew nothing and could know nothing of the circumstances of its disappearance. The defendant was paid for furnishing storage, which carried with it the duty of giving some measure of care. It had men in charge of the garage giving attention to its patrons and their property.

It was or should have been in possession of such facts as could be disclosed relative to the loss.

2. There was no error in the charge of which the defendant can avail itself. It was more favorable than it rightly could demand. The evidence was not such as to require a finding that it was free of negligence and that the loss did not come from its lack of care. The evidence was only this, that the defendant could give no explanation of how the car got out of the garage. The jury, taking into consideration the manner in which the garage was conducted, could find that if care commensurate with the situation had been used it would not have disappeared.

3. The defendant offered to prove that it had posted in its garage two signs reading: "Not responsible for cars stolen or damaged by fire, wind or water." The proof was excluded on objection of the plaintiff. This was not error. We need not inquire to what extent a bailee may limit his liability by contract. So far as is shown the plaintiff did not see the signs and his attention was not called to them. The offered proof did not show a limitation of liability.

Order affirmed.