GEORGE W. DENNIS v. COLEMAN'S PARKING & GREASING STATIONS, INC.[1]

January 23, 1942.

No. 33,004.

[1]Reported in 2 N. W. (2d) 33.

*John E. Peters,* for appellant.

*Doherty, Rumble, Butler, Sullivan & Mitchell,* for respondent.

JULIUS J. OLSON, JUSTICE.

Defendant appeals from an order denying its alternative motion for judgment or new trial.

The jury could well have found the facts to be as follows: Defendant operates a public parking lot in St. Paul. It has three entrances, the main one being on Kellogg boulevard, another at

the northwesterly corner on Robert street, and the third to the north leading to Fourth street. The lot is large enough to accommodate 230 cars. One Adam Pachie, whose duties were many and varied, was the sole attendant in charge, having been so employed for about eight years. He not only had charge of the parking lot and the duty of watching the cars as they came in and were taken out, including the business of collecting the usual fee therefor, but he also greased cars, flushed radiators, changed oil and tires, and took care of many other minor matters usually needing attention at such places. There was no system of issuing parking tags or tickets. The charge was 20 cents for "all day" parking.

During 1936 and ever since, plaintiff had been a regular customer at this place, parking his car there almost every secular day. On the morning of February 13, 1940, in conformity with his usual custom, he drove his car onto the lot. The attendant was not immediately available, so he left his car with the keys in it and then walked to his office. During the afternoon, on his return from a "call down at Farwell, Ozmun, Kirk," he went through the lot, saw the attendant, and paid him the usual fee. Neither he nor the attendant looked for or observed whether plaintiff's car was there. About an hour and a half later plaintiff called to get his car, but it could not be found. The loss was reported to the attendant, and the police were notified. About a week later it was recovered, but in a badly damaged condition. To recover the damages thus sustained, this action was brought, upon the theory that as between the parties a bailment for hire was established, and that defendant negligently failed to return the bailed chattel. The issues presented were submitted to a jury and a verdict returned for plaintiff for $220. The amount of the verdict is not challenged, nor is there here any suggestion of error, or assignment of error, as to the conduct of the trial, the testimony offered and received, or the court's charge.

Defendant's assignments of error may be thus summarized: That the court erred (1) in denying its motion for a directed verdict "on the ground the evidence failed to establish a relationship of

bailment * * * between the parties"; (2) in not granting judgment notwithstanding the verdict; (3) in denying its motion for judgment "on the ground there was no evidence from which the jury" could find defendant negligent; and (4) "that the evidence as a matter of law compelled a finding * * * that the plaintiff himself was negligent in failing to use reasonable" care to safeguard his automobile.

Over a period of more than four years plaintiff was accustomed to do exactly as he did on the day in question, i. e., park his car on the lot and leave his keys in it. This was well known to Mr. Pachie, the attendant. Plaintiff locked his car only when he wished to leave something of value in it, in which event he would notify Pachie and the latter would then direct him where to park it so that it could be locked and left in that particular place all day. We think the evidence is clear that the reason for having defendant's customers leave their keys in their cars was to permit the attendant to move them as need might require and to facilitate the movement of incoming and outgoing cars. At least as between these parties, that was the established custom.

■ A bailment is a relation arising out of contract, express or implied, and as such is governed by the same general principles as those of the law of contracts. It has been defined as "the contract or legal relation which is constituted by the delivery of goods without a transference of ownership, on an agreement, expressed or implied, that they be returned or accounted for." 1 Dunnell, Dig. & Supp. § 728, and cases under note 96; Goddard, Outlines of Law of Bailments & Carriers (2 ed.) § 2, p. 2; Peet v. Roth Hotel Co. 191 Minn. 151, 253 N. W. 546.

■ The recited facts not only warranted the finding that a bailor-bailee relationship existed between the parties but precluded a contrary finding. The following cases are helpful: Doherty v. Ernst, 284 Mass. 341, 187 N. E. 620; Downs v. Sley System Garages, 129 Pa. Sup. 68, 70, 194 A. 772; Galowitz v. Magner, 208 App. Div. 6, 203 N. Y. S. 421; Baione v. Heavey, 103 Pa. Sup. 529, 158 A. 181; Annotation, 131 A. L. R. 1175.

■ While defendant as bailee was not an insurer of plaintiff's automobile, it was "bound to use the quantity and quality of care which, under similar circumstances, a reasonably careful man would use with respect to his own automobile." Sandler v. Commonwealth Station Co. 307 Mass. 470, 471, 30 N. E. (2d) 389, 390, 131 A. L. R. 1170; "the care that a reasonable man would use in regard to his own chattels." 1 Dunnell, Dig. & Supp. § 732, and cases under note 12; "the legal norm is a care commensurate to the hazard." Peet v. Roth Hotel Co. 191 Minn. 151, 155, 253 N. W. 546, 548.

■ True, to constitute a bailment, there must be delivery and acceptance of the bailed chattel. 8 C. J. S., Bailments, § 15(a) (1). But a bailment, like any other contract, may be established by express words, written or oral, or by implication from acts and general conduct. Here, over a period of four years, plaintiff had entrusted his automobile to defendant's care and custody, and defendant had accepted it at a standard price for the specific service to which defendant had invited the general public. In such circumstances, it is idle for defendant to assert that it leased a mere space to plaintiff on which to park his car. Cf. Kravitz v. Parking Service Co. Inc. 29 Ala. App. 523, 199 So. 727 (certiorari denied, 240 Ala. 467, 199 So. 731); 8 C. J. S., Bailments, § 15(b); Annotation, 34 A. L. R. 925, 926; also 131 A. L. R. 1175, et seq.

■ Since the rule of our decision law places upon the bailee the burden of proving that the loss was not due to his want of exercising due care and since defendant tendered no proof in that regard, it follows that, absent contributory negligence on plaintiff's part, its liability naturally followed. Defendant's burden was "not merely" that "of going forward with proofs, nor a shifting burden, but a burden of establishing before the jury that its negligence did not cause the loss." Hoel v. Flour City F. & T. Co. 144 Minn. 280, 281, 175 N. W. 300; Peet v. Roth Hotel Co. supra.

■ The question of plaintiff's alleged contributory negligence was submitted to the jury. Its verdict, upon the facts recited and the unchallenged charge of the court, cannot now be disturbed.

Order affirmed.