## NORBERT H. ZANKER v. CEDAR FLYING SERVICE, INC.[1]

January 29, 1943.

No. 33,333.

*Tanner & Nordquist,* for appellant.

*O. A. Brecke* and *E. T. Chesnut,* for respondent.

HILTON, JUSTICE.

Plaintiff seeks recovery for the value of his "Piper Cub" airplane which was destroyed by a windstorm at defendant's flying field while in the possession of the defendant as a bailee. Plaintiff had a verdict, and defendant appeals from an order denying its blended motion for judgment or a new trial.

Two questions are presented by the appeal: (1) Was defendant entitled to judgment notwithstanding the verdict; and (2) did the court err in instructing the jury on the burden of proof?

■ Defendant was in possession of the plane under an arrangement which amounted to a bailment, and the court so instructed

[1]Reported in 7 N. W. (2d) 775.

the jury. The storm which damaged the plane occurred about noon September 4, 1941. The plane had been in use by defendant that morning and was not in the hangar but outside on the field with its wheels blocked. It was not anchored or tied down. The evidence tended to show that there was room for it in the hangar but that the doorways to the hangar were blocked by one or two large planes upon which repair work was being done. The airport was equipped with radio reception but paid no attention on that morning to the weather reports. The weather was threatening, but the thunderstorm and wind squall that damaged the plane did not develop until about noon. This storm started in the vicinity of defendant's airport and traveled to northeast Minneapolis, where it developed into a tornado. When the wind struck the airport it became necessary to move the two planes upon which the repair work was being done in order to put the outside planes into the hangar. Defendant put three other planes into the hangar. This took so much time that it did not reach plaintiff's plane in time to get it into the hangar before the wind struck with such force as to lift it into the air, causing it to make a "complete loop" and land with "tremendous force" on top of one of the large planes being repaired. Plaintiff's plane "was demolished." Defendant then proceeded to cut up plaintiff's plane in order to remove it from the top of the big plane.

Changes in weather are conditions which a bailee is bound to anticipate as likely to occur. Bibb Broom Corn Co. v. A. T. & S. F. Ry. Co. 94 Minn. 269, 272, 102 N. W. 709, 69 L. R. A. 509, 110 A. S. R. 361. Care commensurate with such likely changes must be exercised, and the effect of high or squally winds upon a plane as light as a "Piper Cub" must be taken into account by the bailee. We think the evidence was ample to sustain a finding of negligence on the part of defendant.

■ The trial court charged the jury:

"The burden of proof in this action rests upon the plaintiff primarily to establish his cause of action by a fair preponderance of the evidence, but after having shown delivery of the airplane

here involved to the defendant under the arrangement and agreement to which reference has been made, and its destruction while in the possession of the defendant, the burden of proof shifted to the defendant to show that it was not negligent with respect to the care and protection of said airplane while in its possession."

For some years the rule has been well established in this state that when a plaintiff has proved a bailment the defendant has the burden of establishing before the jury that defendant's negligence did not cause the loss of the property bailed. This is not merely the burden of going forward with the proof but the burden of establishing due care on his part by a preponderance of the evidence. Dennis v. Coleman's Parking & Greasing Stations, Inc. 211 Minn. 597, 601, 2 N. W. (2d) 33; Rustad v. G. N. Ry. Co. 122 Minn. 453, 456, 142 N. W. 727; Peet v. Roth Hotel Co. 191 Minn. 151, 156, 253 N. W. 546; Hoel v. Flour City F. & T. Co. 144 Minn. 280, 175 N. W. 300. The rule above cited is well established here. The trial court did not err in its charge. The rule is not changed where the plaintiff alleges specific acts of negligence.

Order affirmed.