MARIE WALLINGA v. HARRY JOHNSON AND ANOTHER, d.b.a. JOHNSON REALTY COMPANY, AND ANOTHER.

131 N. W. (2d) 216.

November 13, 1964—No. 39,195.

*Ronald Patrick Smith,* for appellant.

*Altman, Geraghty & Mulally* and *Kenneth M. Schadeck,* for respondents.

ROGOSHESKE, JUSTICE.

This appeal concerns an action to recover the value of two diamond rings owned by plaintiff. They were delivered and accepted for safekeeping by the Commodore Hotel, operated by defendant partnership, and were subsequently taken from the hotel safe by robbery. Plaintiff had occupied an apartment in the hotel for some years. On July 9, 1960, having been confined in a hospital with a broken leg, she directed her son to take two rings from her apartment and deposit them with the hotel clerk for safekeeping. In accordance with customary practice in performing this service, the rings were exhibited to the clerk and placed in a sealed "safety deposit envelope" used by the hotel for depositing valuables belonging to guests. A numbered stub attached to the envelope was signed by the clerk and plaintiff's son, and a "depositor's check" containing the same number was detached from the signed stub and given to him. This "depositor's check" was to be presented when the envelope and contents were called for, at which time the depositor was required to sign it so that the signatures could be compared. The envelope containing the rings was placed in a large safe located in the hotel's front office 4 or 5 feet behind the registration desk and about the same distance from the hotel switchboard. The safe was used not only to keep the valuables of guests, but also cash for use in the hotel's cafe, bar, and coffee shop. Although it was equipped with a combination lock, during the 16 years that defendants operated the hotel the safe door, while customarily closed, was never locked. A clerk was on duty at the registration desk at all times.

On July 10 at 3:45 a. m., two armed men surprised the night clerk then on duty, rifled cash drawers in the registration desk, and took the contents of the unlocked safe, including the envelope containing plaintiff's rings. The rings have not been recovered.

The question of defendants' liability was submitted to a jury upon the sole issue of whether defendants were negligent in failing to keep the rings safely locked up and, if they were, whether such negligence was the proximate cause of the loss. The jury returned a ver-

dict for defendants, and plaintiff appeals from an order denying her motion for a new trial.

The primary question presented is whether the court erred in refusing to hold as a matter of law that the relationship between plaintiff and defendants was that of bailor and bailee.

Bailment is the legal relation arising upon delivery of goods without transference of ownership under an express or implied agreement that the goods be returned.[1] The actions of plaintiff's son and the hotel clerk—inserting the rings in the safety deposit envelope, signing the numbered stub, detaching the companion presentation stub, and placing the envelope in the safe—plainly indicate that the parties intended the rings to be kept for safekeeping until called for. This was a bailment as a matter of law.

The error at trial lay in assuming that Asseltyne v. Fay Hotel, 222 Minn. 91, 23 N. W. (2d) 357, applied to the facts of this case. In that case, the plaintiff was a residential guest of the defendant hotel. Her personal property, located in her rented room, was destroyed by fire. The pivotal issue was whether plaintiff's relationship to the hotel was that of a residential lodger or a transient guest. Unlike this case, the owner did not surrender exclusive possession and control of the property to the hotel. Thus, a bailment was not created and the case is inapplicable. We agree with plaintiff that Peet v. The Roth Hotel Co. 191 Minn. 151, 253 N. W. 546, controls. There, plaintiff, who had no relationship to the hotel, left a ring with the hotel clerk for the purpose of delivering it to a jeweler, a guest of the hotel. We held that a bailment was established as a matter of law.

Application of the Asseltyne case and the court's refusal to find a bailment resulted in its erroneously instructing the jury that plaintiff bore the burden of proving defendants' negligence. Since Rustad v. G. N. Ry. Co. 122 Minn. 453, 142 N. W. 727, the rule in Minnesota has been that where the plaintiff has shown a bailment relationship to exist, the defendant must assume not only the burden of going

---

[1]Dennis v. Coleman's Parking & Greasing Stations, Inc. 211 Minn. 597, 2 N. W. (2d) 33; Peet v. The Roth Hotel Co. 191 Minn. 151, 253 N. W. 546; 2 Dunnell, Dig. (3 ed.) § 728.

forward with evidence to show lack of negligence but also the burden of ultimate persuasion.[2]

The record reveals that plaintiff's proof was not wholly consistent with her theory that defendants' liability was governed by the law of bailment. In addition to proving delivery and nonreturn of the rings, she went forward with evidence tending to establish defendants' negligence. Contrary to defendants' contention, however, she did not thereby waive any right to object to the erroneous instructions. At most, she may have waived the right to have defendants assume the burden of going forward with the evidence. The error in instructing the jury as to the burden of proof is one of fundamental law and controlling principle and was properly assigned in plaintiff's motion for a new trial.[3] Moreover, it appears from counsel's affidavit in support of plaintiff's motion for a new trial that he made oral requests to charge the jury on the theory of a bailment which were refused. Clearly, plaintiff is not precluded from asserting the error on appeal.[4]

While the burden of proof in a bailment case rests on the defendant, the basis of his liability remains ordinary negligence.[5] Failure to lock the safe, at least during the night, is very strong evidence tending to show negligence. The hotel, however, established that a clerk was on duty at all times and the unlocked door was, to some extent, a convenience for guests who wished to retrieve valuables without delay. This evidence, we believe, falls short of establishing defendants' negligence as a matter of law and the question is for the jury under proper instructions.

Since the case must be retried, defendants' contention that their actions, even if negligent, do not result in liability because the robbery was a superseding cause should be put at rest. As a general rule, a

---

[2]See, also, Central Mutual Ins. Co. v. Whetstone, 249 Minn. 334, 81 N. W. (2d) 849; Zanker v. Cedar Flying Service, Inc. 214 Minn. 242, 7 N. W. (2d) 775; Hoel v. Flour City Fuel & Transfer Co. 144 Minn. 280, 175 N. W. 300.

[3]Rules of Civil Procedure, Rule 51.

[4]Trudeau v. Sina Contracting Co. Inc. 241 Minn. 79, 62 N. W. (2d) 492.

[5]Peet v. The Roth Hotel Co. *supra*.

criminal act breaks the chain of causation and insulates the primary actor from liability.[6] A criminal intervening force, however, cannot be a legally effective superseding cause unless it possesses the attribute of unforeseeability.[7] The original actor cannot claim immunity from liability for loss when the possibility that third persons will act in a certain manner is one of the hazards he should guard against.[8] The primary purpose of depositing the rings for safekeeping was to guard against theft; defendants must have, or at least should have, foreseen the possibility of their loss in the manner in which they were taken. We therefore hold that the robbery could not as a matter of law be a superseding cause.

"* * * Only when there might be a reasonable difference of opinion regarding the foreseeability of the intervening act should the question of intervening cause be submitted to the jury."[9]

Reversed and new trial granted.

---

[6]Anderson v. Theisen, 231 Minn. 369, 43 N. W. (2d) 272, 35 Minn. L. Rev. 81.

[7]Restatement, Torts, § 442.

[8]Restatement, Torts, § 449.

[9]Strobel v. Chicago, R. I. & P. R. Co. 255 Minn. 201, 208, 96 N. W. (2d) 195, 201.