## DIANE K. BOYCE v. ARTHUR A. HERZBERG.

206 N. W. 2d 548.

April 6, 1973—No. 43654.

*James H. Levy* and *John H. Bradshaw,* for appellant.

*Murnane, Murnane, Battis & Conlin* and *Robert T. White,* for respondent.

Heard before Knutson, C. J., and Kelly, Todd, and Olson, JJ.

O. RUSSELL OLSON, JUSTICE.*

Plaintiff appeals from an order of the trial court denying her motion for a new trial conditioned upon consent by defendant to an additur to plaintiff's verdict. Plaintiff alleges on appeal: (1) The evidence is insufficient to support the jury's special verdict finding plaintiff negligent and apportioning 40 percent of the total causative negligence for the collision to plaintiff; (2)

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

the trial court erred in its final instructions by reciting specifically the plaintiff's burden of proof but omitting such a specific reference to the defendant's burden of proof; and (3) the trial court's additur is insufficient. In response, defendant on appeal asks review under Rule 106, Rules of Civil Appellate Procedure, of the trial court's order granting the additur as a condition in its order denying plaintiff a new trial.

Defendant's automobile rear-ended plaintiff's automobile, which had stopped as it neared a traffic stop light on a street in St. Paul. Vehicular traffic was heavy but road surface and weather conditions were good. Plaintiff's brake lights were not functioning during the few blocks defendant followed in his automobile, and defendant was aware of this defective condition. Plaintiff sustained injuries to her neck and hand.

Plaintiff's injuries required medical treatment and have caused her pain while engaging in housework, her normal activities of enjoyment of life, and her employment as a physical therapist. Her condition has interfered with her ability to perform that work although she has continued in her employment. While plaintiff's medical opinion evidence indicated that she suffered nerve root irritation in the cervical spine and has a 20-percent permanent partial disability rating, the defense medical opinion expressed her rating at 5 percent with essentially a normally functioning back.

The jury apportioned causative negligence 60 percent to defendant and 40 percent to plaintiff and assessed damages for injuries at $2,950, which, when reduced by 40 percent, amounted to $1,770. The trial judge granted an additur of $4,500 on the verdict, which, when reduced by the 40 percent, added $2,700 to the judgment.

The trial court's ruling denying a new trial, sought upon the ground of inadequacy of damages awarded by the jury under the influence of passion and prejudice, is largely discretionary and will not be disturbed on appeal unless the ruling is determined to be a clear abuse of that discretion. Krueger v. Knutson,

261 Minn. 144, 111 N. W. 2d 526 (1961) ; Caswell v. Minar Motor Co. 240 Minn. 213, 60 N. W. 2d 263 (1953).

We conclude the evidence of plaintiff's undisputedly inoperative brake lights and disputedly sudden stop amply support the jury's determination and apportionment of negligence. The trial court properly exercised its discretion on both the denial of the motion for a new trial and the additur.

Plaintiff alleges the trial court erred in the final instructions to the jury. The trial judge specifically instructed the jury on plaintiff's burden of proof with respect to her claims against the defendant driver as to negligence and causation but omitted a similar instruction with respect to defendant's claims against plaintiff driver as to those same elements of negligence and causation. Plaintiff's counsel did not bring the error to the attention of the court until after the verdict, doing so in his motion for a new trial.

Rule 51, Rules of Civil Procedure, reads in part:

"* * * An error in the instructions with respect to fundamental law or controlling principle may be assigned in a motion for a new trial though it was not otherwise called to the attention of the court."

In Wallinga v. Johnson, 269 Minn. 436, 131 N. W. 2d 216 (1964), we held an erroneous instruction on burden of proof was error of fundamental law. In Wallinga, the trial court erroneously instructed the jury that the burden of proof as to the bailee's negligence rested on the bailor rather than the bailee. It was a misstatement as to which party shouldered the burden of proof. In the instant case, the trial court's instructions considered as a whole did not misstate the burden of proof.

In the paragraph immediately preceding the specific instruction on plaintiff's burden of proof, the trial judge instructed as follows:

"Now, the party who makes the allegations has the burden of proving them * * *."

This alone would not, we think, cure the error; however, the trial judge had made it reasonably clear in his opening instructions before voir dire examination of the jurors that both the defendant and the plaintiff were claiming the other's negligent driving had caused the collision, saying that "both parties are asserting claims against one another." He instructed thereafter that—

"* * * you are going to determine whether those claims have been proved or not. That is what a jury is for, and that is what the trial of an action is all about. Six people will determine whether or not these claims have been proved, and that will be your function in the next few days that we hear this matter.

"Now, a party asserting a claim has the obligation to prove that claim, or to establish it. [Followed forthwith by substantially the definition of burden of proof set forth in Minnesota Jury Instruction Guides, Instruction 70.]"

In the final instructions, additionally the trial judge after reading appropriate sections from Minn. St. c. 169, the Highway Traffic Regulation Act, referred again to the jurors' duties of determining "whether either or both drivers in this case were negligent in the operation of their respective vehicles."

In this case, where a trial judge prior to voir dire had correctly instructed on the burden of proof generally in accord with Minnesota Jury Instruction Guides, Instruction 70, and also instructed specifically on the plaintiff's burden of proof in his final instructions but failed to instruct likewise with respect to the defendant's burden of proof, the error is not an error of fundamental law under Rule 51, Rules of Civil Procedure. Therefore, it is not a sufficient basis for a new trial since the plaintiff's counsel did not object at trial and did not assign it as error until his postverdict motion for a new trial.

Affirmed.