## JERRY HILLIGOSS v. CROSS COMPANIES.

228 N. W. 2d 585.

April 25, 1975—Nos. 44998, 45089.

*Schermer, Schwappach, Borkon & Ramstead, Michael J. London,* and *Richard I. Diamond,* for appellant.

*Carlsen, Greiner & Law* and *John E. Rode,* for respondent.

PER CURIAM.

Plaintiff leased an apartment from defendant for the period November 1, 1971, to October 31, 1972. Plaintiff was hospitalized from February 14 to February 25, 1972. From February 14 to February 18 the apartment was occupied by plaintiff's father and plaintiff's son. On February 21, defendant changed the locks on all of the apartment doors in the building and posted signs on each door indicating that the lock had been changed and that new keys could be acquired at the building office.

On February 25, plaintiff returned to the apartment to find the notice still on the door and several items of personal property missing. The investigating police officers found no signs of forcible entry on the doors or windows.

Plaintiff subsequently commenced this action for the value of the missing items of personal property, alleging the negligence of defendant's agents in the maintenance of the apartment. He argued that the posting of the sign was notice to all that the apartment was vacant and led to the criminal act and resultant loss of personal property. The trial court granted defendant's motion for summary judgment. Plaintiff appeals from the judgment entered pursuant to the court's order.

The principal issue on appeal is whether defendant's alleged negligence in posting the notice on the door of plaintiff's apartment was the proximate cause of plaintiff's loss of personal property. The definition of proximate causation, to which this court adheres, was stated in Christianson v. Chicago, St. P., M. & O. Ry. Co. 67 Minn. 94, 97, 69 N. W. 640, 641 (1896), as follows:

"* * * Consequences which follow in unbroken sequence, *without an intervening efficient cause*, from the original negligent act, are natural and proximate; and for such consequences the original wrongdoer is responsible, even though he could not have foreseen the particular results which did follow." (Italics supplied.)

As a general rule, a criminal act of a third person is an intervening efficient cause sufficient to break the chain of causation. Anderson v. Theisen, 231 Minn. 369, 43 N. W. 2d 272 (1950). However, to be a legally sufficient intervening cause, the criminal act itself must not be reasonably foreseeable. Wallinga v. Johnson, 269 Minn. 436, 131 N. W. 2d 216 (1964); Restatement, Torts 2d, §§ 302B, 448, 449. The question of foreseeability of an intervening act is normally one for the trial court and should be submitted to a jury only where there might be a reasonable difference of opinion. Strobel v. Chicago, R. I. & P. R. Co. 255 Minn. 201, 96 N. W. 2d 195 (1959).

Although plaintiff cites some decisions which have found the negligence of a landlord to be the proximate cause of a tenant's loss due to the criminal act of a third party, we do not feel those cases are applicable here. Plaintiff's strongest argument is contained in the case of Bass v. City of New York, 61 Misc. 2d 465, 305 N. Y. S. 2d 801 (1969), reversed on other grounds 38 App. Div. 2d 407, 330 N. Y. S. 2d 569 (1972). In that case the lower court found the tenant in a housing project entitled to recover from the housing authority for the wrongful death of

his child who had been raped and thrown from the roof of the building in which she lived. The court pointed out that the high crime rate in the area and the commission of a series of similar crimes established the foreseeability of such a criminal attack.

The record in this case does not show facts similar to those in Bass.

Accordingly, we find that, as a matter of law, the criminal act in this case was not reasonably foreseeable and was, therefore, an intervening efficient cause. The judgment of the trial court is, therefore, affirmed.

Affirmed.

MacLaughlin, Justice (dissenting).

I dissent. In my judgment, a jury should decide the question of whether the criminal act of stealing personal property from plaintiff's apartment was an intervening, superseding cause sufficient to isolate defendant's alleged negligence in allowing the posted notice to remain on plaintiff's door for several days. I assume the principal purpose of changing the locks was for security purposes to prevent the very type of theft which occurred. I cannot agree that the subsequent theft, which is alleged to have occurred during the 4-day period that the door was posted with the notice that the lock had been changed, should, as a matter of law, be held to be an intervening, superseding cause which will relieve defendant of responsibility. It seems to me that under all of the circumstances of this case the fact of the illegal entrance into the apartment could very well be considered by a jury to be a foreseeable consequence of defendant's alleged negligence and that its foreseeability is at the least, a question on which reasonable minds could differ.

I would remand the case for a jury trial on the question of whether there was negligence on the part of the defendant and whether that negligence was a proximate cause of plaintiff's injuries. In determining the question of proximate cause, the jury would, of course, determine whether the illegal entry into the apartment was unforeseeable and therefore an intervening, superseding cause which isolates defendant's negligence.

Peterson, Justice (dissenting).

I join in the dissent of Mr. Justice MacLaughlin.

Rogosheske, Justice (dissenting).

I also join in the dissent.

Mr. Justice Knutson took no part in the consideration or decision of this case.