(130 So. 313)

## GOLDSTEIN v. HARRIS.
### 6 Div. 677.

Court of Appeals of Alabama.
March 25, 1930.

Rehearing Denied May 20, 1930.

4

Patrick & Appelbaum and Richard H. Fries, all of Birmingham, for appellant.

Coleman, Coleman, Spain & Stewart, of Birmingham, for appellee.

SAMFORD, J.

On March 17, 1928, appellee, Claire E. Harris, stored her beaver coat with appellant in his storage house in Birmingham. At the time the coat was stored, appellee paid appellant $10 and received from him a storage receipt, the provisions of which appellee did not read at the time and which were not called to her attention by appellant or his agents. The provisions of the receipt applicable here were, "In case of loss by fire or theft, we reserve the right to replace this article with one equal in value at time received by us. The acceptance of this receipt will be considered the acceptance of the conditions above." On April 2, 1928, appellant's storage plant burned and the contents thereof, including appellee's coat, were destroyed At the time of the fire, appellant carried insurance on all merchandise of every nature owned by him or held by him in trust. The specific coverage given under the insurance policies in force at the time was in the following language:

"All furs, coats, capes, threads, silks, trimmings, linings, pelt, and such other merchandise, not more hazardous as is usual to their trade, including merchandise in show windows and merchandise sold but not removed; *their own or held by them in trust*, on condition, held for repairs or on joint account with others; all while contained in brick, composition roof building, situated at No. 1807 Third Avenue, North, Birmingham Alabama."

On April 4, 1928, following the fire, appellant wrote appellee a letter notifying her of the fire and stating, among things, as follows: "Please send immediately duplicate bill of coat or an affidavit so that we can put in claim to the insurance companies." A few days thereafter, appellant made up his proof of loss, including the coat referred to, and shortly thereafter received the full sum of $500 for loss of the same. Appellant refused to pay over this money to appellee on demand; and it was for the recovery of this sum that this action was instituted. There was no evidence proving or tending to prove that plaintiff ever accepted the terms of the receipt issued by defendant, or that she ever knew its contents. On the contrary, plaintiff testified positively that she did not know the contents of the receipt. The receipt for the coat was nothing more than a check not purporting to be a contract between the parties and therefore plaintiff was not bound by the unknown terms, printed thereon. 13 Corpus Juris 278 (77).

The defendant as bailee of plaintiff's coat had the right to insure it for the benefit of both himself and the plaintiff. 6 Corpus Juris 1113 (45).

Having so insured plaintiff's coat, and, after fire loss, having collected the full insurance value of $500, the money is ex equo et bono the property of plaintiff, and is held by defendant in trust for her. We see no difference in principle between this case and Snow v. Carr, 61 Ala. 363, 32 Am. Rep. 3, where the bailee was held to account for the insurance on bailor's piano stored with him, and covered by the general terms of an insurance policy. In fact the case here is stronger if anything than in the Snow Case. Here plaintiff collects the insurance on the identical article, while in the Snow Case the adjustment was on the general stock in possession of the bailee.

As we see it, under any phase of this evidence the plaintiff is entitled to a verdict.

■ Evidence of another receipt issued to plaintiff by other parties and not connected with this transaction is res inter alios acta.

We find no prejudicial error in the record and the judgment is affirmed.

Affirmed.