FAULTLESS CLOTHING CO., INC., Plaintiff, *v.* BRANCH STORAGE CO., INC., Defendant.

City Court of New York, New York County, November 17, 1937.

*Max J. Gwertzman*, for the plaintiff.

*Paul D. Compton*, for the defendant.

KELLER, J. This is an action to recover for the loss of merchandise owned by the plaintiff and delivered to the defendant carrier in New York for shipment to Baltimore. Subsequently the defendant's truck was hijacked in transit, resulting in a total loss of the shipment.

The facts are undisputed, and the only question to be resolved by the court is the extent of the carrier's liability. The plaintiff seeks to hold the carrier to the full extent of the proven value of the goods, and the defendant, as a partial defense, relies on a limited liability clause contained in the special contract of the shipping receipt.

The plaintiff attacks the validity of the limitation of liability clause largely along the ground of the defendant's non-compliance with section 217, subdivision a, section 217, subdivision d, and section 219 of the Motor Carrier Act, 1935 (U. S. Code, tit. 49, § 317, subds. a, d, and § 319), an amendment to the Interstate Commerce Act regulating transportation generally by motor vehicles. These sections in substance require: The filing of a complete schedule of all rates, fares and charges by motor carriers;

forbid their engagement in interstate commerce until they comply therewith; permit limitation of liability only on proper filing of alternative rates which give the shipper a choice between a limited liability at a low rate and a full valuation at a higher rate. The court finds from the evidence that the Interstate Commerce Commission, by a series of orders issued by it, expressly postponed the date on which these sections were to become law to March 31, 1936. This they did pursuant to section 227 of the act (U. S. Code, tit. 49, § 327) which vested in the Commission the power to postpone any provision of the act whenever they deemed such action necessary, up to April 1, 1936.

These sections, therefore, cannot be considered in the case at bar as they were clearly inoperative on the date of the contract of carriage, and the question of the carrier's liability must be determined by the law applicable to liability and limitation thereof as established in this State.

It is well settled that carriers may limit their liability for loss during transit. The validity of the limitation clause, however, is predicated on the inclusion in the contract of the right of the shipper to declare the goods to be of a higher agreed value to which the carrier will be bound on payment of a higher rate of carriage in consideration of the greater assumption of liability. (*Kilthau* v. *International Mercantile Marine Co.*, 245 N. Y. 361). The clause in question printed on the receipt given to the plaintiff clearly limits the defendant's liability for loss to fifty cents per pound (where, as in this case, the actual weight exceeds 100 pounds), unless the shipper exercises " the option of declaring the full value of the shipment, or any value less than the full value upon payment of additional charges based thereon and agrees that the value of the shipment does not exceed the value so declared. The amount of such declaration is to be stated in the receipt on the reverse hereof at the time of shipment." Such limitation was valid under the law as established in New York. (*Chenango Textile Corp.* v. *Willock*, 247 App. Div. 638; *Boyle* v. *Bush Terminal R. R. Co.*, 210 N. Y. 389.)

The plaintiff also contends that it was neither aware of the clause in dispute nor was it brought to its attention. However, it was established at the trial that plaintiff had been shipping through the defendant for a considerable length of time; that it had at its place of business a book of the defendant's blank receipts, containing the liability clause; that one of these was used as the receipt for this shipment. In view of these facts the court believes the plaintiff to have been experienced enough in the shipment of goods to have known that receipts and bills of lading contained

various covenants and conditions with which it had ample opportunity, if, indeed, not a duty to itself, to read and familiarize itself with. As was stated by Mr. Justice LEHMAN in considering a similar situation, " the defendants cannot be deprived of the benefit of any such terms merely because the plaintiff did not choose to read their contract or acquaint itself with its terms." (*Starace & Co., Inc.*, v. *Raporel S. S. Line*, 114 Misc. 111, 114.) Judgment for the plaintiff in the sum of $304; the defendant being liable for the non-delivery of 607 7/8 pounds of merchandise at the rate of fifty cents per pound. Ten days' stay and thirty days to make and serve a case.