199 So. 727

**KRAVITZ v. PARKING SERVICE CO., Inc.**

**6 Div. 487.**

Court of Appeals of Alabama.

Aug. 6, 1940.

Rehearing Denied Oct. 29, 1940.

Lange, Simpson, Brantley & Robinson, of Birmingham, for appellant.

Coleman, Spain, Stewart & Davies, of Birmingham, for appellee.

SIMPSON, Judge.

This is an action by appellant, as bailor, against appellee, as bailee for hire, for the negligent loss by theft of appellant's automobile. The complaint is in two counts, the first in case charging negligence in allowing the automobile to be stolen and the second in assumpsit for breach of appellee's contract as such bailee to exercise due care in safeguarding the bailed property.

The appellee, as a defense to the suit presented the following plea:

"Defendant avers that at the time of the delivery of the automobile by plaintiff to the defendant, and contemporaneous therewith, defendant handed to the plaintiff a writing on a heavy paper card which kind of document is commonly called a ticket, on one side of which appeared the following printed matter:

" 'No. 1000
" 'Parking Service Co. Inc.
" '2nd Ave., at 18th St.,
" '21st St., at 4th Ave.,
" '(See Reverse Side)'

"On the other side of said ticket there appeared the following printed matter:

" 'Notice—The Parking Service Co., Inc., assumes no duty to the holder hereof or to any other person other than to furnish space on the parking lot for the accomodation of the vehicle parked. No responsibility is assumed to watch out for or guard against loss or damage to the vehicle or the contends thereof or the accessories thereon, through fire or theft.
" 'Parking Service Co. Inc.,'

"The plaintiff received from the defendant the said writing and retained it until after the time his automobile was stolen, and at no time prior to the theft of his automobile questioned said writing as con-stituting the terms of the contract between plaintiff and defendant relating to the said automobile, and defendant further avers that plaintiff agreed to pay 25¢ for the privilege of parking said automobile on the said parking lot.

"Wherefore, defendant says that it is not liable."

Appropriate demurrers to this plea were interposed by appellant, and as a result of the adverse ruling thereon by the trial court appellant suffered an involuntary non-suit and accordingly brings this, appeal.

The controlling question presented is whether said plea constitutes a good defense to the action as against the appellant's demurrers.

The general rule is that a bailee for hire, in the absence of special contract, is held to the exercise of ordinary care and is liable for ordinary negligence. 8 C.J.S., Bailments, p. 269, § 27 a. and note 59.

The parties to a bailment, however, may limit liability by special contract provided such diminishment of liability is not violative of law or public policy. 8 C.J.S., Bailments, pp. 264, 265, § 26c.

Such special provision in a contract of bailment limiting bailee's liability, to be effective, must be known to, or brought to the notice of, the bailor, and be assented to by him. 8 C.J.S., Bailments, p. 264, § 26c; 6 Am.Jur. pp. 271, 272, Sec. 177. It is axiomatic that in bailments, as in other contracts, there must be a meeting of minds thereon and assent of both parties thereto; and a disclaimer of liability can only become effective if brought to the bailor's knowledge. 8 C.J.S. and 6 Am.Jur., supra; Beetson v. Hollywood Ath. Club, 109 Cal. App. 715, 293 P. 821; Galowitz v. Magner, 208 App.Div. 6, 203 N.Y.S. 421, 422.

More specifically, to the case at bar, the rule of modern authorities is that the bailor is not chargeable with notice of special provisions diminishing liability of the bailee which appear upon something not apparently related to the bailment contract itself or given to the bailor ostensibly as a ticket of identification of the bailed property, unless called to his attention or known to him. 6 Am.Jur. p. 274-5, Sections 178, 179. Accordingly when appellant-bailor delivered "possession, custody and control" of his automobile to appellee-bailee "for a reward"—i.e. compensation for its safe-keeping—there was imposed on

appellee the duty to exercise reasonable care to protect the property and upon request, within the terms of the contract when the condition of the bailment shall have been terminated, to redeliver it to the appellant. For negligent breach of this duty there was consequent liability.

■ The receipt by appellant of the "ticket" did not bind him to the recitals of the disclaimer of liability on its reverse side unless known to him or brought to his notice or attention; thereby bringing such provision within and making it part of the terms of the bailment. Goldstein v. Harris, 24 Ala.App. 3, 130 So. 313, certiorari denied 221 Ala. 612, 130 So. 315; Marine Ins. Co., etc. v. Rehm, La.App., 177 So. 79; Beetson v. Hollywood Ath. Club, supra; Galowitz v. Magner, supra; 8 C.J.S. and 6 Am.Jur., supra.

■ Testing appellee's plea by the principles above, it is manifestly lacking in sufficient allegations to constitute a defense to the action. The plea fails to aver that the limiting provision on the reverse side of the ticket was or ever became a part of the contract of bailment or that it was accepted by appellant as such; or that he had knowledge of or was given notice of such provision.

Construing the plea, as is the rule, most strongly against the pleader (appellee), this court holds to the view that the learned trial court was in error in overruling appellant's demurrers to the plea, which demurrers aptly pointed out the defects noted hereinabove.

The case of Ex parte Mobile Light & R. Co., 211 Ala. 525, 101 So. 177, 178, 34 A.L.R. 921, relied upon by appellee as supporting the action of the trial court, seems to be harmonious to our conclusions here. The two cases are readily distinguishable. Unlike the case at bar, in which the fact of bailment is specifically alleged, the opinion in that case (Ex parte Mobile, etc.) construed the transaction there to be one of lessor and lessee, where the plaintiff merely rented parking space for his automobile. It was there specifically held: "We conclude the complaint does not show a bailment, with the legal duty to exercise reasonable care against theft as incident to that relation."

■ That case is authority for our holding here that in bailments, as was alleged in appellant's complaint here, there is incumbent upon the bailee the "legal duty to exercise reasonable care against theft as incident to that relation;" and any plea which would seek to avoid bailee's liability to exercise such care must aver that such liability was diminished by the terms of the bailment itself. In this the plea of appellee failed.

It results that for the error of the trial court in overruling the demurrers to the plea the cause must be reversed.

Reversed and remanded.

On Rehearing.

PER CURIAM.

In order to further illustrate the view taken by this court and in deference to the urgent argument of learned counsel for appellee, it is again observed that in bailment contracts when the relation of bailor and bailee is brought into being the law implies a duty on the part of the bailee to exercise reasonable care for the bailed property and a consequent liability for negligence in regard thereto, unless there are special provisions in the contract to the contrary. Such special provisions, seeking modification of the contract implied by law from the bailment relation, to be effective, must be either a part of the original contract of bailment or contained in a valid amendatory contract. To be effective the assent of both parties thereto is necessary. Modification—or, as in the case at bar, reduction of liability implied by law from the bailment relation—may be accomplished by notice. In order, however, that such notice effectuate this result, the terms of the modification must be assented to by the other party. Am.Jur., supra, Sec. 177.

■ The authorities are agreed that, if at the time the bailment is made the bailor has actual notice of certain terms which alter or modify the ordinary relation implied by law, delivery of the property to the bailee amounts to an assent to these terms. Without such actual notice or knowledge, however, he is not bound thereby unless *from the circumstances* he is *charged with notice.*

Interesting discussion of this subject is found in 6 Am.Jur., p. 271 et seq. The circumstances under which the bailor is charged with notice are treated in Sec. 178, pp. 273, 274:

"Where qualifying provisions are contained in what is recognized by both parties as the contract of bailment, the bailor, according to general principles of contract,

is charged with notice thereof, whether or not he actually knows of the particular provisions, or reads them, and the same is true in respect of other documents or papers connected with the bailment which he knows, or ought to know, contain conditions of the contract. However, the question of whether or not he is charged with notice of such provisions so as to be deemed to have assented thereto by making the bailment presents more difficulty where it arises with respect to conditions not expressly embodied in the main contract of bailment, but contained on posted notices, receipts, billheads, invoices, tokens, advertising matter, etc. Whether or not such provisions become a part of the contract is ordinarily determined upon the principle that one party can insist only upon such terms as are so set forth and so related to the writing and subject matter of the contract as fairly to manifest to the other party an intent that they are to be obligatory upon him; fair dealing to him, upon the assumption that he will act with reasonable caution, must be the test, and largely each case must stand by itself.

"In accordance with the foregoing principle, the general rule supported by the modern authorities appears to be that the bailor, *unless his attention is called to the fact that such conditions are intended as a part of the contract, is not charged with notice, where he has no actual knowledge, of provisions limiting liability which appear upon something not apparently related to the contract itself, or given to the bailor ostensibly for some other purpose.* There is authority which justifies the rule on the ground, among others, that the bailee, if he wishes to qualify his contract, should do so in an unmistakable manner, and *it is not reasonably to be expected, nor is the bailor required to anticipate, that important terms of a contract will be found upon what is accepted merely as a means of identification or for some other purpose which to a reasonable man would not appear to be germane to the agreement itself.*" (Emphasis supplied.)

Comment on page 275, Section 179, is specifically pertinent to the plea of the instant defendant, to-wit:

"Although there is authority apparently to the contrary, the trend of the more recent authorities is to the view that *receipt from the bailee at the time of the bailment of what is ostensibly a token for later identification of the bailed property,* *such as* a check for a parcel left at a parcel stand or *a numbered identification slip for an automobile left at a* garage or *parking station,* does not bind the bailor as to provisions, purportedly limiting the bailee's liability, which are printed thereon, where his attention is not called to them and he has no actual knowledge at the time of the bailment that they are supposed to become part of the contract. The mere retention of such a check without such knowledge does not bind him to the limitation. The mere fact that the bailor knows that there is writing on the token is immaterial, as he is not bound to read it unless he has reason to believe it contains terms * * *" (Emphasis supplied.)

The same subject is similarly treated in 8 C.J.S., Bailments, § 26 c, page 264 et seq. This authority (page 266) reaches the conclusion: "Where, however, the bailor receives and retains the ticket without knowing that it contained any special terms or conditions and without his attention being called to that fact, and on the assumption that the ticket was merely a token or means of identifying his property, the majority of cases hold that such retention of the ticket does not constitute an acceptance of the terms therein and so he is not bound by the provisions for limited liability, on the theory that the minds of the parties never met: hence, the special contract was never entered into. The mere fact that the bailor examined the ticket sufficiently to know that there was printed matter thereon, and had opportunity to examine it critically, and had capacity to understand the meaning of it still does not make him chargeable with notice of the special provisions therein, for he is under no legal duty to read such matter, since, as has been stated, the ticket is considered primarily as a token or means of identification which is to be surrendered when the property is redelivered."

These principles impress this court as sound and based upon common sense. Likewise, they are not inharmonious to our decisions. In applying them here, the defendant's plea is wholly insufficient and apparently avoided the inclusion therein of those allegations necessary to make it a sufficient answer to the action laid. The plea cannot be interpreted as asserting that the provisions on the ticket were a part of the contract of bailment. From its allegations it does not appear that the plaintiff, having had actual notice or knowledge of the same delivered the automobile to de-

528

fendant, nor are the averments sufficient to warrant the legal conclusion that under the circumstances, therein alleged, the plaintiff should have known or (quoting from the authorities) was "charged with notice" of them.

Apt demurrer pointed out the defect and in the overruling thereof the trial court, in our view, fell into error.

Opinion extended and application overruled.