## KENDALL v. TECHE LINES, Inc.
### No. 2143.

Court of Appeal of Louisiana. First Circuit.

Oct. 3, 1940.

Argued before LE BLANC and OTT, JJ., and CARROLL BUCK, Judge ad hoc.

Morrison, Sims & Phelps, of Hammond, for appellant.

Reid & Reid, of Hammond, for appellee.

CARROLL BUCK, Judge ad hoc.

This is a suit to recover $287.66 for the loss of baggage checked on a ticket purchased by plaintiff for transportation on one of defendant's busses from New Orleans to Hammond, Louisiana. The items of damage consist of the value of a bag and its contents, alleged to be worth $147.-66; for humiliation and embarrassment on account of the loss of articles in said bag which had an intimate, personal and sentimental value, $100; and damage as a result of the loss of certain records which were to be used in petitioner's occupation, placed at $40.

An agreed statement of fact signed by counsel for plaintiff and defendant is filed in the record. This statement shows that plaintiff purchased a ticket from the defendant on or about December 4, 1938, entitling her to ride from New Orleans to Hammond, and entitling her to have her luggage or baggage transported between the same points. The defendant received the bag and issued a claim check which is numbered 814792, and which contains a "limitation liability clause" limiting the liability to $25 unless a greater value is declared. No one called the attention of the plaintiff to this clause, and she made no declaration at the time of any greater value. The defendant was unable to produce the bag. The stipulation shows further an agreement that the claim check above referred to was properly admitted in evidence on the trial of the case. The stipulation also agrees that copies of the rates filed with the Louisiana Public Service Commission and the Interstate Commerce Commission were properly admitted in evidence on the trial of the case. It is admitted that plaintiff testified as to the contents and value of the luggage over the objection of the defendant, who objected because the liability was limited under the claim check to

$25, which objection was overruled by the Court. It is also admitted that plaintiff testified as to the damages resulting from the loss of time necessary to replace lost records over the objection of the defendant, and that this objection was overruled. It is also admitted that plaintiff testified as to the humiliation and embarrassment as a result of the failure to deliver to her the baggage and its contents as it contained several articles of apparel, Christmas presents and other articles of intimate and sentimental value, which was objected to by the defendant for the same reason above, and on the further ground that these were not items of damages to which she was entitled to recover, which objections were overruled by the Court. It was also agreed that the defendant offered in evidence ticket and baggage checks containing the "limitation liability clause" such as were purchased and received by the plaintiff herein, and that this offer was objected to by the plaintiff on the ground that the original ticket should have been offered unless a satisfactory explanation of the failure to do so was given, which objection was overruled by the Court. It was also agreed that the defendant offered no testimony as to the value of the articles in the luggage, but based its defense on the "limitation liability clause".

After considering the petition and answer, and the agreed statement of facts filed in this record, we find that the defendant is a Louisiana corporation, and that the ticket and the baggage receipt called for transportation entirely within the State of Louisiana, or a transaction entirely intrastate in its nature; that this baggage check or receipt was issued to the plaintiff and the restrictions to limited liability in case of loss or damage was not called to her attention; that both the interstate and intrastate rates applicable to defendant's business are on file; and that the limitation of liability to $25 in case of loss is covered by the said tariffs on file, and that the limitation of liability to $25 is printed on the reverse of the receipt.

Judgment was rendered in favor of the plaintiff in the City Court of Hammond for $25, which, in effect, recognizes the limitation of liability clause in the baggage receipt, and the plaintiff appeals.

There is no question of doubt but that defendant is liable to plaintiff in this case under the admissions made in this record, for at least $25, and the appeal is for the

purpose of increasing the amount to that sued for.

Our decision in this case rests upon the interpretation of Act 301 of 1938 of the Louisiana Legislature providing for the supervision, regulation and control by the Louisiana Public Service Commission of motor carrier transportation; of the Motor Carrier Act of 1935, 49 U.S.C.A. § 301 et seq.; and the interpretation of Article 2754 of the Revised Civil Code of Louisiana touching the liability of a carrier for the loss of goods entrusted to its care, where the entire transaction under the contract of carriage originates and terminates in this State.

It has been held by the United States Supreme Court, that in the absence of Congressional action, State regulation of intrastate carriers is not invalid because of its *effect* upon Interstate Commerce. For example, the regulation by a State of the weight and width of motor vehicles operating upon its highways, even though such vehicles in using the highways of a particular State are moving in interstate and intrastate Commerce, is a proper subject for State regulation. South Carolina State Highway Department v. Barnwell Brothers, 303 U.S. 177, 58 S.Ct. 510, 82 L.Ed. 734. The Motor Carrier Act of 1935, 49 U.S.C.A. § 301 et seq., itself exempts from regulation by the Interstate Commerce Commission the control and regulation of motor carriers on the State highways. Interstate Commerce as it is intended to be regulated by that act is defined in Section 303 (a), paragraph 10, as commerce between a place in a State and any place in another State or between places in the same State through another State, and the proviso in the last part of paragraph (e) of Section 316 states: "That nothing in this chapter shall empower the Commission to prescribe, or in any manner regulate, the rate, fare, or charge for intrastate transportation, or for any service connected therewith, for the purpose of removing discrimination against interstate commerce or for any other purpose whatever." It is unnecessary therefore to consider further any question of Interstate Commerce or of any so-called burdens upon Interstate Commerce, in the decision of this case.

It is conceded by both the plaintiff and defendant that the defendant has filed with the Public Service Commission of Louisiana tariff rules and regulations, which authorized defendant to issue the baggage

receipt in question, which contained the limited liability clause of $25.00 and that plaintiff did not have this clause called to her attention.

 In the case of W. H. & C. B. Hodges v. Louisiana Ry. & Nav. Co., 180 La. 3, 156 So. 26, cotton was destroyed by fire in freight cars ready to go forward and bills of lading had been made out by plaintiff. A clause in the uniform bill of lading prescribed or indorsed by the Louisiana Public Service Commission provided that such a delivery is at the owner's risk until the cars are attached to the locomotive or train. After the Court concluded that there was a complete surrender by plaintiff of possession and custody, and that all control over the goods was abandoned by the owner, the carrier assumed responsibility as such, and plaintiff must recover, unless this clause prevented recovery. The Supreme Court of Louisiana held that the record was barren of any evidence to show that the clause in the bill of lading upon which defendant relied was called to the attention of plaintiff at the time, or that the plaintiff ever consented to be bound by it, and in the absence of proof that the shipper expressly or impliedly consented to be bound by this clause, such bill of lading is inoperative to prevent recovery, citing with approval the case of Whitehurst v. Texas & Pacific Railway Company, 131 La. 139, 59 So. 42. See also, Lawes v. New Orleans Transfer Co., 11 La.App. 170, 123 So. 144, 145. We hold therefore, that the plaintiff in this case was not bound by the provisions of the clause in this baggage receipt, limiting the liability of the defendant to $25, because she knew nothing whatsoever about the clause limiting this liability, and never at any time consented to this limited liability.

 Article 2754 of the Revised Civil Code of Louisiana provides that carriers and watermen are liable for the loss or damage of the things entrusted to their care, unless they can prove that such loss or damage has been occasioned by accidental or uncontrollable events. This has been interpreted as devolving on the carrier the burden to show that the loss was occasioned by accidental and uncontrollable events. Kirk v. Folsom, 23 La.Ann. 584, Dejean v. Louisiana Western R. Co., 167 La. 111, 118 So. 822. The defendant carrier in this case admits the loss and makes no attempt to show that it was due to accidental and uncontrollable events, but re-

lies solely upon the clause in the baggage receipt limiting liability to $25.00.

Article 1934 of the Revised Civil Code of Louisiana provides that in the absence of fraud or bad faith, only such damages as were contemplated or may reasonably be supposed to have entered into the contemplation of the parties at the time of the contract can be recovered. There is no element of fraud or bad faith involved in this contract, and the liability should be held strictly to the contents of the bag and the bag itself, which is shown in the record to amount to the sum of $147.66.

It is therefore ordered, adjudged and decreed that the judgment of the City Court of Hammond be amended, and that there be judgment in favor of plaintiff, Mrs. Esther Mays Kendall, and against the defendant, Teche Lines, Inc., in the full sum of $147.-66 with legal interest thereon from Judicial demand until paid, and that the claim for humiliation and embarrassment of $100 and the damages of $40 claimed as the result of the loss of certain records which were to be used in plaintiff's occupation be rejected, and that all costs be paid by the defendant-appellee.