199 So. 731

**KRAVITZ v. PARKING SERVICE CO., Inc.**

**6 Div. 770.**

Supreme Court of Alabama.

Dec. 19, 1940.

Rehearing Denied Jan. 23, 1941.

Coleman, Spain, Stewart & Davies, of Birmingham, for petitioner.

Lange, Simpson, Brantley & Robinson, of Birmingham, opposed.

THOMAS, Justice.

This cause is before the Court on petition of the Parking Service Company, Inc., for writ of certiorari to review and revise the opinion and judgment of the Court of Appeals in the case of Alex M. Kravitz v. Parking Service Co., Inc., 29 Ala.App. 523, 199 So. 727.

The case of Ex parte Mobile Light & R. Co., 211 Ala. 525, 101 So. 177, 178, 34 A.L.R. 921, is distinguished from the instant case. In that case the complaint was not against a bailee, but was a suit against one maintaining a parking place for temporary use only, and the Court held:

"The complaint defines the duty of the gatekeeper to be at the entrance to collect the fee or charge for parking. He is alleged to have remained there a portion of the time—the time for collecting entrance fees—but not so far as appears when the cars were removed. He had a duty to see that a car go in only on payment of the charge, but no duty to see when or by whom the car was taken out. There was another employé 'whose duty it was to generally watch after said automobile so parked.' This duty is consistent with either a *bailment* or a general *oversight of the car* while parked on the space leased by the owner and still under his control. The averment must be construed most strongly against the pleader.

"An essential element of bailment is possession in the bailee. His duties of reasonable care spring out of his possession. * * *

468

"A *contract of bailment*, like other contracts, may be implied from the words and acts of the parties, evincing a purpose to enter into that relation toward the property. Such implied contract can only arise where the natural and just interpretation of the acts of the parties warrants such conclusion. The complaint shows this parking space was for a special and temporary use of customers. * * *

"We conclude the *complaint does not show a bailment, with the legal duty to exercise reasonable care* against theft as incident to that relation." [Italics supplied.]

The Court of Appeals so distinguished the pleading in the instant case, where the contract declared on was that of a bailee of the automobile which was stolen.

It results that the petition for certiorari should be, and is, denied.

Writ denied.

GARDNER, C. J., and BROWN and KNIGHT, JJ., concur.