# OLD HICKORY PARKING CORPORATION v. ALLOWAY et al.—177 S. W. (2d) 23.

Middle Section.    November 13, 1943.

Petition for Certiorari denied by Supreme Court, January 8, 1944.

Bass, Berry & Sims, of Nashville, for plaintiff in error.

Hume, Howard, Davis & Gale and Beverly Briley, all of Nashville, for defendants in error.

HOWELL, J. These two cases originated in the General Sessions Court of Davidson County, were again tried in the Circuit Court and resulted in judgments in favor of the original plaintiffs against the defendant below for $29.35 and $114.95, respectively, for damages to their automobiles resulting from a collision between the two cars after they had been left in the parking lot of the defendant in Nashville.

The defendant below has perfected appeals to this court of the consolidated cases and has assigned errors.

No bill of exceptions appears in the record and the

cases are here upon the finding of facts by the trial Judge which is as follows:

"The cases were tried together without the intervention of a jury.

"The defendant, Old Hickory Parking Corporation, is in the business of operating a parking lot in the City of Nashville, charging the users of the facilities therefor. The lot in question is between Seventh Avenue, North, and Capitol Boulevard. In entering from Seventh Avenue the terrain is inclined upward for a short distance, then at a comparative level for a few feet when there begins a 25% incline to the Capitol Boulevard entrance 75 or 80 feet away.

"On ———, ———, Plaintiff Alloway entered the lot of defendant for the purpose of parking his car, from the Seventh Avenue entrance and drove the same far enough to have it completely on the 25% incline to Capitol Boulevard. He set up his brakes, etc., got out and was given a claim check by the sole attendant in charge of the affairs of the defendant. The car was left standing as placed by the attendant. The other plaintiff, Mrs. Tune, in a short time, drove in the lot from the Seventh Avenue entrance and parked her car within three or four feet of the car of Alloway, with the front wheels thereof over the crest of the incline and the rear wheels on level ground. When so parked and before leaving the car, she set the brakes, put in gear, got out of the car with a friend, stayed around with this friend for a few minutes, when the same attendant in charge came to her and she was given a claim check by attendant who turned away to give attention and service to a car other than the two standing cars. Mrs. Tune and her friend after receiving their claim check, walked down the incline to the Capitol

Boulevard entrance, at which time the cars had not been moved by the attendant and they heard nothing to indicate that anything had happened. Some time thereafter the attendant came to the Alloway car and had moved it some distance down the incline towards Capitol Boulevard, and was in the act of placing or parking this car when the Tune car came down the hill and struck the Alloway car, doing damage in the amount of $29.35. In this collision the Tune car was damaged to the extent of —— Dollars.

"After the accident either this attendant in charge of this lot or a representative of the defendant from another parking lot came to where the two cars were locked together and on examining the Tune, car found that the brakes were set, and it is so found that the brakes were set on the Tune car when left by Mrs. Tune.

"The attendant in charge of the Seventh Avenue Lot knew as a fact that owing to the lot's terrain that when driving in and leaving a car standing before he took charge of the same to put it in its place, it was necessary to set brakes, etc., that often women did not take this precaution of setting the brake and putting in reverse, that he knew as a fact that brakes though set often slip and also it was known as a fact that as often as once or twice a day cars when left on this incline broke loose and came down the hill."

The assignments of error are:

"1. The facts as found by the Circuit Judge fail to show any negligence on the part of the Old Hickory Parking Corporation contributing proximately to the collision between the cars and the court therefore erred in rendering judgment for the respective plaintiffs for the

amount of the damages occasioned by the collision between the two cars.

"2. The facts as found by the Circuit Judge show that the Tune car was left standing with its brakes set and in gear and that it rolled down the incline and caused the collision while its brakes were still set and wholly without fault or negligence on the part of the employee of the Old Hickory Parking Corporation and the court erred in rendering judgment against the Parking Corporation for the damages sustained in the collision.

"3. The facts as found by the Circuit Judge warrant only the conclusion that the Tune car rolled down the incline because of some hidden mechanical defect and that the collision could not have been prevented by the exercise of any additional care by the defendant, since Mrs. Tune set the brakes and put the car in gear before leaving it and the brakes were still set after the collision. The court therefore erred in adjudging liability against Old Hickory Parking Corporation."

The question therefore for determination here is whether or not, on the facts found, the court erred as a matter of law in rendering judgments against the defendant.

Upon the payment of the charges the defendant through its representative took charge of these two cars, the owners having left them after having received their claim checks, and had them in its possession to move to such parts of the parking lots as might suit its convenience in the conduct of its business and thereby became a bailee for hire. The plaintiffs were justified in believing that when they left their cars in the custody of the defendant, received their claim checks and departed from the parking lot, that the defendant would exercise sufficient care and watchfulness to prevent injury or damage

to the cars. Otherwise they might have parked their cars in places where no charges would be made. The defendant in the conduct and operation of this parking lot undertook to exercise reasonable care to look after and take care of these cars, and should have known what diligence was necessary on its part to properly look after them, knowing as it did the lay of the land and the fact that both cars were parked by their owners on the sloping part of the lot. Before permitting the owners to leave the cars as they were left on this slope the defendant, through its attendant, should have either warned the owners to securely set their brakes or leave their cars in reverse gear, or after the owners had received their claim checks, investigated themselves as to the possibility of the cars moving. The record does not disclose any acts of negligence on the part of either plaintiff, and the fact that their cars were left in the care of the defendant and neither plaintiff was present when the collision occurred places the burden of proof upon the defendant to show that it exercised due care under the circumstances of the case.

The trial court found as a fact that: ''The attendant in charge of this Seventh Avenue Lot knew as a fact that owing to the lot's terrain that when driving in and leaving a car standing before he took charge of the same to put it in its place, it was necessary to set brakes, etc., that often women did not take this precaution of setting the brake and putting in reverse, that he knew as a fact that brakes though set often slip and also it was known as a fact that as often as once or twice a day cars when left on this incline broke loose and came down the hill.''

It was the duty of the defendant under the facts of this case to return these cars to their owners in proper

condition or to show that the damages to them were not due to its negligence. It had the exclusive possession of both cars, the owners had left the parking lot and the facts as to what happened were peculiarly within the knowledge of the agents of the defendant. We are therefore of the opinion that the defendant has failed to show that it exercised the proper degree of care in looking after these two cars.

▮ A bailee for hire is required to exercise only ordinary care in keeping and caring for property left in its possession. Dodge v. Nashville, C. & St. L. R. Co., 142 Tenn. 20, 215 S. W. 274, 7 A. L. R. 1229.

We do not find any case directly in point. There are many cases upon the subject of presumption of negligence but we find none where the facts were similar to the facts of these cases. See Chattanooga Interstate Fair Ass'n v. Benton, 5 Tenn. App. 480. Also Sandler v. Commonwealth Station Co., 307 Mass. 470, 30 N. E. (2d) 389, 131 A. L. R. 1170, and Annotations on page 1175 et seq.

The assignments of error are overruled and the action of the trial court affirmed. Judgments will be entered here against the defendant below and its surety on the appeal bonds, in favor of William Alloway for $29.35, and Mrs. Harriet Childress Tune for $114.95, both with interest from November 16, 1942, and the costs of the causes.

Affirmed.

Felts and Hickerson, JJ., concur.