CAVANAUGH, Judge.
This suit was filed on October 14, 1953, in the City Court of Hammond, Seventh Ward, Parish of Tangipahoa, Louisiana. It is a suit, ex contractu, through which plaintiffs, Sam Haney and Gateway Motors, Inc., seek to recover from the defendant $422.24 with interest, attorney’s fees and costs on the ground that defendant.entered into a verbal contract with Gateway Motors, Inc. to pay for the repair of an automobile belonging to Sam Haney which had been damaged in collision with another automobile of which defendant is the liability insurer.
The record reveals that defendant filed an exception of no right or cause of action and it is stated in defendant’s brief that this exception is based upon the contention that there was no contractual relationship existing between plaintiffs and Maryland Casualty Company and that if a promise to pay the cost of the repairs had been made to Gateway Motors, Inc., such promise would amount to a stipulation pour autrii, which must be in writing. The exception was referred to the merits and after the hearing of the testimony was overruled with judgment in favor of plaintiffs as prayed for with the exception that no award was made for attorney’s fees. Whereupon, defendant perfected appeal to this court.
The claims of plaintiffs are clearly founded upon an alleged verbal contract purported to have been consummated by and between one George J. Voelkel, acting as agent for defendant, and Gateway Motors, Inc., through H. C. Verberg, its President, by and with the consent of plaintiff Sam Haney.
The burden is on plaintiff to prove verbal contract, the basis of suit. Gray v. Feazel, 3 La.App. 142; Mobley v. Holden, 5 La.App. 444.
A contract arises only where both parties thereto have agreed to its terms. Colgin v. Security Storage & Van Co., 208 La. 173, 23 So.2d 36, 160 A.L.R. 1107.
Where testimony clearly establishes that minds of both parties to contract did not meet touching primary matters involved, consent was absent and contract is invalid. Woodward v. Barringer, La.App., 24 So.2d 200.
Mr. H. L. Verberg, President o-f the plaintiff company, gave the following pertinent testimony on direct examination:
“Q. Mr. Verberg, can you remember the exact conversation you had with Mr. Voelkel? A. As nearly as I can remember all I was concerned about was whether or not we were going to get to repair the automobile and I asked him if it would be all right to go ahead with the repairs and he said that it was provided it was all right with Sam Haney.
“Q. Provided it was all right with Sam Haney? A. Yes.
“Q. Was anything' said about who was going to pay? A. No.
“Q. Did you ask him whether Maryland Casualty Company was going to pay for it? ■ A. No.”
On cross-examination, this witness further testified that no agreement with defendant was had as to who would pay for the repairs, as follows:
“Q. In collecting for your repairs in cases where the adjuster is involved, who do you look to for your money in these cases where your company repairs insured automobiles? A. It is a general rule that we look to *334 the man that owns the automobile unless it is otherwise specified.
“Q. And you did say that Mr. Voel-kel at no time told you that Maryland Casualty Company would pay for these repairs? A. I don’t believe he did.
* * * * * *
“Q. You assumed that because he made an estimate which you signed and submitted to him that that clearly denoted Maryland Casualty Company was assuming the liability? A. Along with what he said.
“Q. He did not say Maryland would pay you ? A. No, he did not say that.”
Gateway Motors, Inc. parts manager, Sammy Legendre, was unable to remember with certainty conversations he had with Mr. Voelkel bearing upon the obligation of defendant to pay for the repairs to Sam Haney’s automobile. He simply says :
“Yes, he told us if we had Sam Haney’s O.K. to repair the car that we could go ahead with the repairs.”
Mr. Voelkel was called under cross-examination by plaintiff and he testified as follows:
“Q. Not what it meant. Can you remember exactly what you said ? Say it and if not say you don’t remember. A. I told Mr. Verberg if Mr. Haney told him to fix the car he could fix it but look for Mr. Haney to pay for the damages because if we would check and discover liability we would pay Mr. Haney and not Gateway Motor Company. I have no authority to authorize repairs.”
Mr. Voelkel testified regarding his conversation with Mr. Legendre in the following manner:
“Q. Do you have any individual recollection of any conversation you had with Mr. Legendre? A. We looked the estimate over and he agreed that should fix the automobile and he signed the estimate on the agreed price they would repair the car.
“Q. All right, now, what was said about repairing it? A. There was no authorization given.
“Q. Just say what was said about repairing the automobile. A. I told him the same thing I told Mr. Verberg, that if Mr. Haney wanted the car repaired and told them to repair it to look for Mr. Haney to pay him the bill because if we took liability on the case we would not pay the garage but we would pay direct to Mr. Haney.
“Q. Are you willing, Mr. Voelkel, to swear that you told Mr. Sammy Legendre those words? A. Yes. I do that four or five times a day. I tell them all that.”
In the face of the admission by Mr. Verberg that no promise to pay for the repairs to Mr. Haney’s car was made by defendant’s alleged agent, Mr. Voelkel, coupled with the positive testimony of Mr. Voelkel to the same effect, the evidence is conclusive that the minds of both parties to the alleged verbal contract did not meet on a primary matter involved therein; therefore, the evidence adduced by plaintiffs is insufficient to establish a legal contractual relationship between plaintiffs and defendant, and no such relationship actually ever existed with respect to the matters here in controversy.
For the reasons assigned, the judgment of the City Court of Hammond, Seventh Ward, in favor of plaintiffs is reversed and set aside, and it is now ordered that the exception of no right of action and no cause of action be sustained and that plaintiffs’ suit be dismissed at their costs both in this court and the court below.