GLADNEY, Judge.
Suit was instituted by E. Levy and Company, an electrical contractor, against the defendant, Shreveport Plumbing Company, a plumbing and air conditioning contractor, for the purpose of collecting $372.37 for services performed and material furnished in connection with an alleged verbal contract between the parties on a construction job at the Alexandria Air Force Base in Rapides Parish. Plaintiff asserts the Shreveport Plumbing Company requested it to furnish and install certain electrical control work included in defendant’s contract with the general contractor, F. O. Gilbert, and that N. I. Owens, a foreman for the defendant company, made this request. The defendant denies its contract with F. O. Gilbert included the work which is the subject matter of this suit and also denies any verbal agreement with plaintiff for the performance of such work. Upon these issues the case was tried and judgment rendered in favor of defendant, hence this appeal.
The only issue presented is factual and is whether, vel non, Owens requested of W. J. Keating, a representative of the plaintiff, that the control work be performed for the account of the defendant.
Keating testified such a request was made by Owens in the presence of one Dunbar. This is denied by Owens who says that not only he did not, in fact, make such a request, but that it was well understood he had no authority from his employer to make such a request. We have not been able to find any evidence in the record to resolve this conflicting testimony. Indeed, we can find no good reason for accepting Keating’s word as being more credible than that of Owens. Dunbar was not produced as a witness.
Other testimony is material, but its weight does not tip the scales in favor of either party. A. B. Reuben, manager of E. Levy and Company, testified that prior to the institution of this suit he had made a demand upon F. O. Gilbert for the payment of the account herein sued upon, but payment was refused and Reuben also stated that he had experienced difficulty in collecting other .bills from Gilbert. The latter testified the contract to install the electrical control work for the air conditioning unit was embraced in his contract with the Shreveport Plumbing Company and he produced a purchase order which he had furnished the defendant that did not show the exclusion from defendant’s contract, the wiring involved in the instant *812 controversy. John S. Tarlton, the manager and estimator of the defendant, testified that in the formulation of his bid for work to be performed on behalf of the general contractor, F. O. Gilbert, that he excluded from his estimate concrete, wiring, painting, the excavation for a tank, and the setting of tanks. He produced his work sheets to show that his bid eliminated construction of this work. He further testified that he contacted by telephone R. B. Gibbs, the estimator for F. 0. Gilbert, and by agreement his bid was submitted with the express understanding that wiring would be excluded. Mr. Gibbs was not called as a witness to confirm or deny the statement made by Tarlton.
Under the circumstances as here-inabove related, it appears to us that plaintiff has entirely failed to make due and proper proof of a verbal contract which would bind the defendant to the obligation sued upon herein. The law applicable to the case is succinctly stated in Haney v. Maryland Casualty Company, La.App., 1954, 74 So.2d 332, 333, thusly:
“The burden is on plaintiff to prove verbal contract, the basis of suit. Gray v. Feazel, 3 La.App. 142; Mobley v. Holden, 5 La.App. 444.
“A contract arises only where both parties thereto have agreed to its terms. Colgin v. Security Storage & Van Co., 208 La. 173, 23 So.2d 36, 160 A.L.R. 1107.
“Where testimony clearly establishes that minds of both parties to contract did not meet touching primary matters involved, consent was absent and contract is invalid. Woodward v. Barringer, La.App., 24 So.2d 200.”
It is a well-settled legal principle that no contract can arise unless the parties thereto have consented and agreed to its terms. LSA-Civil Code Article 1798; Allison v. Pick, 1956, 229 La. 524, 86 So.2d 179.
It is our finding that plaintiff has failed to establish the existence of a contract upon which it sues, and, therefore, there can be no recovery. The judgment from which appealed is affirmed at appellant’s cost.