THE ELGIN MILLS, INC., A CORPORATION, APPELLANT, V. ARDEN MELCHER, APPELLEE.

146 N. W. 2d 573

Filed November 25, 1966. No. 36339.

Stephen P. Finn, Deutsch & Hagen, and Craig F. Svoboda, for appellant.

Nelson, Harding, Acklie, Leonard & Tate, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and HASTINGS, District Judge.

SMITH, J.

The question presented here is the liability of defendant Melcher for storage charges under terms of warehouse receipts issued by plaintiff company. The receipts represented corn sold by the company to Melcher. He alleged in defense that those charges had been included in the price of the corn under oral terms of the sale. A jury found for him, and from denial of a new trial the company has appealed.

The evidence was sufficient for a finding of the following facts: On December 27, 1962, the parties agreed upon a price of $1.05 per bushel for 25,000 bushels and a transportation charge of $.05 per bushel. The president of the company, Lambert Vanderheiden, orally promised to store the grain without additional charge until other persons delivered their vetch crops of the next year for storage. Because Melcher needed evidence of ownership for the purpose of obtaining a bank loan, the company prepared five warehouse receipts of even date. Melcher paid the purchase price of $26,250 January 4, 1963, but the receipts were not then delivered to him. At his request the company sent them to a designated bank, and it is inferable that the bank received them at a time subsequent to payment of the purchase price. On January 11, 1963, Melcher signed on the back of each receipt a statement of unencumbered ownership.

He withdrew the corn prior to October 1963, and the receipts were canceled.

In the receipts a printed form relating to payment of storage charges was blank. The rate appeared as follows: "The charge for * * * storing * * * said grain shall be the fee set out in Schedule B, issued by the Nebraska Railway Commission * * *."

The jury heard testimony concerning other transactions. The company had sold 30,000 bushels of corn to Melcher the preceding year. Vanderheiden testified to a price of $.94 per bushel, an advance of $.07 per bushel on storage, and respective totals of $28,200 and $2,100. Melcher testified that any storage charges had been included in the sale price. He had paid $25,000 at the time of sale and the balance of $5,300 in December 1962. Payment of storage charges was not noted on warehouse receipts for the corn.

Norfolk Feed Mills in 1960 and 1963 purchased from plaintiff company grain for future delivery. Although warehouse receipts were issued, storage charges were included in the purchase price.

In the argument for liability the company relies on the parol evidence rule as follows: Acceptance of the receipts implied a binding promise of payment by Melcher, and the receipts may not be contradicted by parol evidence.

"The first issue to be determined is, Has a contract been made? One party asserts a contract and asks its enforcement; the other denies the contract asserted by the first * * *. If * * * no contract has been made, it will not be necessary to determine the later issue of complete integration in writing. These two issues may sometimes be so interrelated that it is easier to deal with them jointly; but, whether they are or not, it is certain that we need not begin excluding parol evidence until we know that a contract has been made." 3 Corbin on Contracts, § 577, p. 385.

The evidence is sufficient for a finding that the sale

contract was made prior to delivery of the receipts. "If a party to an existing contract proposes a modification thereof, the mere silence of the other party leaves the contract as before without modification." 1 Corbin on Contracts, § 72, p. 306. Without a consideration, a purported agreement in a warehouse receipt does not modify a prior contract between the parties. In such circumstances acceptance of the receipt does not imply a binding promise. See, Grain Dealers Nat. Fire Ins. Co. v. Union Co., 159 Ohio St. 124, 111 N. E. 2d 256; Colgin v. Security Storage & Van Co., Inc., 208 La. 173, 23 So. 2d 36; 1 Williston on Contracts (3d ed.), § 90C, p. 309; cf. Northern Pac. Ry. Co. v. American Trading Co., 195 U. S. 439, 25 S. Ct. 84, 49 L. Ed. 269.

As a public grain warehouseman the company was under a statutory duty to charge storage rates fixed by the railway commission, and discriminatory charges were prohibited. §§ 88-206 and 88-209, R. R. S. 1943, repealed by § 10-102, U. C. C. Melcher's version of the transaction, however, was consistent with the language and the spirit of the legislation. Inclusion of the charges in the sale price offended no statute, although the precise amount depended upon the time of delivery of the vetch crops.

The evidence was sufficient for the jury to find against the company on the alleged agreement. The judgment is affirmed.

AFFIRMED.