CHEHARDY, Judge.
Plaintiff, Daniel E. Becnel, Jr., appeals from a trial court judgment denying him recovery of $1,500 in attorney fees from the defendant, Edward Montz.
On October 18, 1974, Becnel, an attorney at law, was contacted by the defendant’s wife for legal assistance regarding a May 18, 1974 automobile accident in which her son was involved. The defendant’s automobile insurer, Aetna Insurance Company, originally denied coverage in the accident, claiming that the policy was not in effect due to non-payment of premiums.
On April 1, 1975, the other parties involved in the accident filed suit against the defendant in the present case and Becnel testified that he performed services for the defendant by answering the suit on his behalf, preparing a pretrial order and attending a pretrial conference, engaging in coverage negotiations with Aetna Insurance Company, corresponding with all other parties involved in that lawsuit and performing settlement negotiations which resulted in a complete release of the defendant from all liability from the automobile accident.
Plaintiff sent the defendant a bill in June 1976 for $100, without other notation. There is no record of payment. In October, 1976, the same bill was sent to the defendant, again without record of payment. In June, 1977, the defendant again received a *1016 bill from the plaintiff for the same amount. There is conflicting testimony as to whether there was payment made eventually; however, the June 7, 1977 invoice copy is marked “pd 10/7/77.”
On November 17, 1978, the defendant was sent another bill from the plaintiff in the amount of $1,500, which the defendant refused to pay, resulting in this lawsuit.
The plaintiff contends that the defendant understood that he would have to pay for the legal services performed by completing sewer installations on construction of an addition to the plaintiff’s office. He further avers that Montz understood the $100 charge was only for office expenses. Bec-nel also testified that between October of 1977 and November of 1978 he ran for district attorney and discovered during the race that Montz did not intend to perform the sewerage services; therefore, he submitted a bill to the defendant for $1,500, claiming to have done 15 hours of work for him at $100 an hour.
The defendant, on the other hand, contends there was no agreement that he would perform sewerage work for the plaintiff and that he believed the total amount owed Becnel was $100. He further argues the only reason the plaintiff decided to bill him for additional charges was that Becnel learned during the district attorney’s race that Montz’s hunting club had refused to support him. The defendant produced one witness, present at the hunting club meeting when Becnel spoke, who testified to hearing Becnel tell Montz “I don’t know why you wouldn’t vote for me because that case I had took for you I didn’t charge you.”
It appears from a review of the record that after termination of the work done by plaintiff for defendant, that Montz understood there would be no further charges submitted by the plaintiff other than the $100 bill. The passage of two years’ time without the plaintiff billing the defendant for any more than this amount certainly buttresses defendant’s position.
The record, in its entirety, supports the reasoning of the trial judge, who stated in his reasons for judgment:
“This Court believes the testimony of both parties, namely, that Plaintiff, Daniel E. Becnel, Jr., was under the correct impression that certain labor would be performed in return for legal services. This Court also believes that Edward Montz was honestly under the impression that his daughter’s payments of all bills submitted for professional services extinguished his debt to the Plaintiff.
“Plaintiff testified that his bills were for costs only, however, since they are not itemized as such nor was a ‘client’s log’ maintained by the Plaintiff to support his office expenses, the Court must rule in favor of the Defendant, who, up to the time of the filing of the suit paid Plaintiff’s charges (see Exhibit P-21 and P-23), none of which were itemized that they were intended for office expenses.”
Regarding the alleged oral contract for sewerage services, the standard of proof demanded of a plaintiff in a suit such as this one was set forth in the case of E. Levy and Company v. Shreveport Plumbing Company, 108 So.2d 810, 812 (La.App.2d Cir. 1959):
“Under the circumstances as herein-above related, it appears to us that plaintiff has entirely failed to make due and proper proof of a verbal contract which would bind the defendant to the obligation sued upon herein. The law applicable to the case is succinctly stated in Haney v. Maryland Casualty Company, La.App., 1954, 74 So.2d 332, 333, thusly:
‘The burden is on plaintiff to prove verbal contract, the basis of suit. Gray v. Feazel, 3 La.App. 142; Mobley v. Holden, 5 La.App. 444.
‘A contract arises only where both parties thereto have agreed to its terms. Colgin v. Security Storage & Van Co., 208 La. 173, 23 So.2d 36, 160 A.L.R. 1107.
‘Where testimony clearly establishes that minds of both parties to contract did not meet touching primary matters involved, consent was absent and contract is invalid. Woodward v. Barringer, La.App., 24 So.2d 200.’
*1017 “It is a well-settled legal principle that no contract can arise unless the parties thereto have consented and agreed to its terms. LSA-Civil Code Article 1798; Allison v. Pick, 1956, 229 La. 524, 86 So.2d 179.”
In the present case there was certainly not that meeting of the minds of the parties sufficient to establish exactly what future sewerage services were to be performed by the defendant or what monetary debt might be due plaintiff in the event of nonperformance of those services. The plaintiff, therefore, has failed to sustain his burden of proof regarding the consent necessary to such an agreement.
For the reasons assigned herein, the trial court’s decision rendering judgment in favor of the defendant and against the plaintiff is affirmed in all respects.

AFFIRMED.